# Richmond.

## GRAVELEY v. GRAVELEY.

DECEMBER 1st, 1887.

Absent, Lewis, P.

1. PRACTICE IN CHANCERY—*Want of Jurisdiction.*—Where a bill in equity does not state a case proper for relief in that forum, the court should dismiss it upon the hearing, whether there be any appearance by the defendant or not. *Salamone* v. *Keiley*, 80 Va., 86.
2. IDEM—*Executor de son tort—Remedy at law.*—Where one owes a debt by note to, and also for money collected by him for, decedent's estate, the administrator has an adequate remedy at law, and a bill filed by him in equity simply to collect the said money, should be dismissed at the hearing, though no objection be made for want of jurisdiction.
3. IDEM—*Misjoinder of parties.*—For administrator and distributees of decedent to unite as plaintiffs in suit to collect money due the estate, is a misjoinder of parties.

Appeal from decree of corporation court of Danville rendered at December term, 1885, in a suit in chancery wherein Henry Tuggle, sheriff and administrator *de bonis non* of William A. Graveley, deceased, and L. B. Graveley and W. A. Graveley, the heirs and distributees of the deceased, were plaintiffs, and P. B. Graveley was defendant. The decree was adverse to the defendant and he appealed to this court. Opinion states the case.

*R. H. Caldwell* and *A. M. Aikens*, for the appellant.

*Guy & Gilliam*, for the appellees.

RICHARDSON, J., delivered the opinion of the court.

This is an appeal from a decree of the corporation court of Danville, rendered at the December term thereof, 1885, upon a bill taken for confessed in a chancery suit therein pending, wherein Henry Tuggle, sheriff of Henry county, and as such administrator, *de bonis non*, of William A. Graveley, deceased, and L. B. Graveley and W. A. Graveley, the heirs at law and distributees of said William A. Graveley, deceased, were plaintiffs and P. B. Graveley was defendant.

The bill alleges that William A. Graveley, of Henry county, Virginia, died on the — day of —, 186–, intestate, leaving surviving him a widow, Sarah E. Graveley, and two infant sons, the complainants L. B. and W. A. Graveley; that no one ever qualified as the personal representative of said William A. Graveley, deceased, prior to the — day of September, 1885, when the intestate's estate was committed to said complainant Henry Tuggle, sheriff as aforesaid; that on the 10th of November, 1886, which was some time after the death of William A. Graveley, said Sarah E. Graveley, his widow, undertook to wind up the estate of her deceased husband without having qualified as his representative, and on that day sold at public auction the personal effects of said intestate, appointing P. B. Graveley (who, at the filing of this bill, was a citizen of Danville) as her agent to superintend the sale for her and to receive the money or bonds with security for the things sold; that said P. B. Graveley accepted said agency, well knowing that no one had qualified as the personal representative of said William A. Graveley, deceased; that only about two-thirds in value of the effects of said intestate were sold, the balance being retained by said P. B. Graveley for his own use.

The bill then alleges "that after the said sale the said P. B. Graveley turned over to the said Sarah E. Graveley the money and the bonds with security taken for the purchase price of the things sold, including his individual note, without any

security, for $243 25, the total value of the things retained by him; that among the bonds so turned over to the said Sarah E. Graveley was one of William Finney, with John W. Graveley as surety, for $150 72; that some months after said sale the said Sarah E. Graveley gave the said note of $150 72 to the said P. B. Graveley to collect for her; that the said P. B. Graveley collected said note, and has not as yet paid it to her or any one for her, although he has been requested to do so, not only by her, but by your orators time and again; that it has not been five years since your orators, L. B. and W. A. Graveley, became twenty-one years old; that the estate of William A. Graveley has been fully administered, except as to the said amounts due by the said P. B. Graveley, viz., the said Finney note for $150 72, and the balance due on his said note of $243 25; that your orators here allow the said P. B. Graveley all the money that he can prove to your honor he has advanced to said Sarah E. Graveley since said sale as credits on his said note; that your orators do not claim anything of the said Sarah E. Graveley, nor of the said P. B. Graveley except the said amounts due from him with interest."

And the bill then proceeds to charge "that the said Sarah E. Graveley and her agent, P. B. Graveley, by interfering as aforesaid with the estate of the said William A. Graveley, deceased, became executors *de son tort* of the said William A. Graveley, and are responsible as such. And the bill concludes: "Since your orators are remediless in the premises, save in a court of equity, your orators pray that the said Sarah E. Graveley and P. B. Graveley be made parties defendant to this bill; that proper process may issue; that the said P. B. Graveley be required to pay to your orator the said $150 72, with interest from November 10, 1866, till paid, and also the said $243 25, with interest from November 10th, 1866, till paid, subject to the credits aforesaid, and that such further relief may be granted as the nature of the case may require, or to

equity shall seem meet. And your orators will ever pray, &c. Answer of defendants under oath waived."

Such is the frame and structure of this very novel bill in equity, given in almost its exact language. Process regularly issued and was served on the defendants, but neither of them appeared, pleaded, or answered. And the cause having been matured at rules, was set for hearing, and, on the 7th of December, 1885, came on to hearing upon the bill taken for confessed as to both of the defendants, and was argued by counsel, when a decree was entered of which the following is the substance: "On consideration whereof, the court doth adjudge, order, and decree that P. B. Graveley, one of the defendants in this cause, do pay unto the complainants in said bill the sum of one hundred and fifty and seventy-two hundredths dollars ($150 72), with interest at the rate of 6 per cent. per annum from the 10th day of November, 1866, till paid, and also the further sum of ninety-three and twenty-five hundredths dollars ($93 25), (the complainants by their counsel admit the payment of $150 00 by the said P. B. Graveley on his note of $243 25) with interest at the rate of 6 per cent. per annum from the 10th day of November, 1866, till paid, and also their costs in this cause expended. And it appearing that the objects of this suit *having* been accomplished by this decree, it is ordered that this cause be stricken from the docket."

Subsequent to the rendition of this decree, P. B. Graveley gave the plaintiffs the following notice of his motion to be made to reverse said decree:

"To Henry Tuggle, sheriff, &c., L. B. Graveley, and W. A. Graveley:

Please take notice that on the 6th day of February, 1886, I will move the Hon. John D. Blackwell, judge of the corporation court of Danville, Va., in vacation, at his office, to reverse the decree rendered against me at the December

term of the corporation court of said town, which decree was rendered by default in the chancery suit depending in said court, in which you were plaintiffs, and Sarah E. Graveley and myself were defendants. And the ground upon which I shall move for the reversal of said decree, is for error apparent upon the record, for which error an appellate court might reverse said decree.

P. B. GRAVELEY, *by Counsel.*"

It seems that action on the motion of which notice was thus given was postponed, or was not had, until the first day of the succeeding March term of said corporation court, when the following order was made overruling the motion and dismissing it at the cost of said defendant, P. P. Graveley:

"This cause came on this 1st day of March, 1886, to be . heard upon the motion of the defendant, P. B. Graveley, by counsel, of which motion due notice was given to reverse the decree entered in said cause at the December term, 1885, for errors apparent upon the record for which an appellate court might reverse said decree, and was argued by counsel. On consideration whereof, the court adjudge, order, and decree that the said motion of the said defendant be overruled and dismissed at the costs of said defendant."

It thus appears that with notice thereof the motion was made and acted on, in term, on the 1st day of March, 1886. And the motion of the defendant being thus refused, he applied for and obtained an appeal from said decree of December, 1885.

In the petition for appeal the following errors are assigned:

I. That the bill on its face was clearly demurrable, on the ground that a court of equity had no jurisdiction of the demand made by the bill, the administrator of William A. Graveley having a plain and adequate remedy at law.

II. That the court erred in entertaining the suit by the administrator of William A. Graveley, deceased, and the heirs

.of said decedent jointly, as the right of suit was in the administrator alone, as the legal representative of his intestate, who was exclusively entitled to recover the debts due the estate.

III. That the court erred in decreeing in favor of the administrator and heirs jointly; and—

IV. That the bill was open to demurrer, because, while it is alleged in the bill that P. B. Graveley was liable as executor *de son tort*, he was not as such made a party defendant.

As to the first assignment of error, it would seem to be unnecessary at this late day to call attention to the well settled general doctrine that courts of equity have no jurisdiction to entertain a claim or demand, when there is a plain and adequate, remedy at law.

"In general, courts of equity will not assume jurisdiction, where the powers of the ordinary courts are sufficient for the purposes of justice, and, therefore, it may be stated as a general rule, subject to few exceptions, that where the plaintiff can have as effectual and complete a remedy in a court of law as in a court of equity, and that remedy is direct, certain, and adequate a demurrer, which is in truth a demurrer to the jurisdiction of the court, will hold." Story's Eq. Pl., § 473, and authorities cited. And in a note to the above section, it is said: "The objection that the plaintiff has a plain, adequate, and complete remedy at law, is regarded in the United States courts as affecting the jurisdiction, and may, therefore, be taken at any stage of the proceedings, or the court may raise the objection of its own motion, though not raised by the pleadings or suggested by counsel." Citing *Parker* v. *Winnipiseager Lake Co.*, 2 Black, 545; *Oelrichs* v. *Spain*, 15 Wall., 211; *Lewis* v. *Cocks*, 23 Wall., 466; *Sullivan* v. *Portland Railroad Co.*, 94 U. S., 806. The note adding: "And the same view has been taken in several states."

However it may be elsewhere, the well settled doctrine in Virginia is that if a bill does not state a case proper for relief in equity, the court will dismiss it at the hearing, though no

objection has been taken to the jurisdiction by the defendant in his pleadings. *Hudson* v. *Kline*, 9 Gratt., 379; *Beckley* v. *Palmer*, 11 Gratt., 625; *Green & Suttle* v. *Massie*, 21 Gratt., 356; *Salamone* v. *Keiley*, 80 Va., 86.

In every case, whether the defendant appear or not, and whether proceeding to a decree upon a bill taken for confessed, or upon a bill and answer, if the bill does not state a case proper for equity jurisdiction, the court must at the hearing dismiss the bill, and this for the obvious reason that jurisdiction is indispensable to a valid judgment or decree.

The rule above stated, is subject to the qualification that when there is an answer supported by evidence, though on its face the bill may not show a case proper for equity jurisdiction, and though the defendant has failed to demur, nevertheless the court must, at the hearing, consider not only whether the bill alone makes such a case, but also whether the bill, aided by the answer and the proofs taken together, make a case proper for the interposition of the jurisdictional powers peculiar to a court of equity. *Ambler* v. *Warwick & Co.*, 1 Leigh, 196; *Greene & Suttle* v. *Massie*, and *Salamone* v. *Keiley, supra*.

If ordinarily the remedy at law would be clear and ample, then, to confer equity jurisdiction, there must appear, either on the face of the bill or in the answer and proofs, something that demands the aid of the extraordinary powers of a court of equity; as, for instance, when a discovery is sought or an account is necessary, so, where there is a clear right, and yet there is no remedy at law, or the remedy is not plain, adequate, and complete, and adapted to the particular exigency, then, and in such cases, courts of equity will maintain jurisdiction; otherwise, and if no such exigency exists, there is no jurisdiction in equity.

Applying these principles to the present case, it is perfectly clear that the administrator of William A. Graveley, deceased, had a plain, adequate, and complete remedy at law; that there was no jurisdiction in equity, and that the court below, sitting

as a court of equity, erred in proceeding to enter the decree by default of December, 1885, and also erred in its said decree of March, 1886, in overruling and dismissing the defendant's motion to reverse and annul said former decree, that motion having been properly made under section 5, ch. 177, Code of 1873, which provides: "The court in which there is a judgment by default, or a decree on a bill taken for confessed, or the judge of said court in the vacation thereof, may, on motion, reverse such judgment or decree for any error for which an appellate court might reverse it, * * * and give such judgment or decree as ought to be given."

In the present case the bill sought no discovery, nor was any account asked for or necessary. Indeed, from the frame and structure of the bill, and the character of the claim sought to be enforced, there was not even the remotest probability that, in any contingency, there could arise any necessity for either a discovery or an account. The bill charges liability upon P. B. Graveley, as executor *de son tort*, to the extent, and only to the extent, of two plain and simple money demands of ascertained amounts, one of which is his own note, for a fixed sum, and the other a note entrusted to him for collection, which, it is alleged, he has collected and has not paid over. And the court is asked that he be required to pay to the complainants these ascertained sums of money. In short, the suit cannot be characterized as anything other than an action of assumpsit in equity. We are, therefore, clearly of opinion that the first assignment of error was well taken; that there was no jurisdiction in equity; that the court below, instead of proceeding to decree in favor of the complainants on the bill taken for confessed, should, at the hearing, have dismissed the bill for want of jurisdiction.

The court is also of opinion that the second ground of objection to the bill is well taken. It is that the administrator and heirs of the intestate were improperly joined as plaintiffs. Where the heirs and distributees of a decedent sue an execu-

tor *de son tort* for obvious reasons the rightful administrator
should be a party plaintiff or defendant.   *Nease* v. *Capeheart*,
8 West Va., 95.   This, however, was in no sense a suit to have
an account and obtain a decree of distribution.   It was a suit,
as shown on the face of the bill, simply to recover specified
sums of money belonging to the intestate's estate, as to which
the right of suit was in the administrator alone.   The admin-
istrator and heirs had separate and distinct claims, and they
were improperly joined as plaintiffs.

For like reasons, the third ground of objection is well taken.
It is that the court erred in decreeing jointly in favor of the
administrator and heirs.   The administrator is the sole legal
representative of the decedent.   He must get in the assets and
pay the debts before anything can be distributed to the heirs.
If, however, this were the only error, the decree would be cor-
rected and affirmed.   It is unnecessary to consider the remain-
ing objection.   The decree appealed from must be reversed
and annulled, and a decree entered here dismissing the plain-
tiff's bill, with costs to the appellant.

DECREE REVERSED.