**Wytheville.**

## LANCASTER V. LANCASTER.

### JUNE 20th, 1889.

1. APPELLATE JURISDICTION—*Appealable orders.*—An order adjudicating the principles of a cause is one which so far determines the rules or methods by which the rights of the parties are to be finally worked out; that it is only necessary to apply these rules or methods to the facts of the case, in order to ascertain the relative rights of the parties with regard to the subject matter of the suit.

2. IDEM—*Overruling demurrer—Effect.*—An order overruling demurrer to the bill is not appealable, as it does not adjudicate the principles of the cause, but merely declares that if the plaintiffs establish the case made in the bill, they may be entitled to the relief sought.

Appeal from order of circuit court of Washington county, rendered in vacation, on October 31, 1888, in the cause therein pending under the style of T. C. Lancaster's Adm'r and others against John J. Lancaster's Adm'r and others, overruling a demurrer to the bill. From this order the defendants obtained an appeal from one of the judges of this court. Opinion states the case.

*Daniel Trigg,* for the appellants.

*Fulkerson & Page,* for the appellees.

HINTON, J., delivered the opinion of the court.

The only facts necessary to be stated, in the aspect in which this case is now presented, are these: At November rules, 1887,

of the circuit court of Washington county, a bill was filed by the personal representatives and heirs-at-law of Thomas C. Lancaster, deceased, against Robert L. Harrison and Samuel Anna Lancaster, who were the foreign administrator and administratrix of John J. Lancaster, deceased, and the said Samuel Anna Lancaster in her own right, and Agnes Lancaster, Julia Duncan Lancaster and Horace Moody Lancaster, infant children of the said John J. Lancaster, deceased, and Julia A. Lancaster, widow of Thomas C. Lancaster, deceased; Lewis Woodville Lancaster and George W. Lancaster, minor children of R. T. Lancaster, deceased—the purpose and object of which was to compel the infant children of John J. Lancaster to convey to the heirs-at-law of Thomas C. Lancaster, deceased, certain real estate in Goodson, Virginia, and in Jackson, Tennessee, to which the said heirs of T. C. Lancaster alleged they were entitled by resulting trust from conveyances thereof, alleged to have been made by the said T. C. Lancaster, in his lifetime, to their father, the said John J. Lancaster.

Another object of the bill was to annul and set aside a deed from Mrs. Julia A. Lancaster to John J. Lancaster, dated November 18, 1882, under a power of appointment in a deed executed to her by her husband, the said T. C. Lancaster, on account of the alleged fraudulent and improper conduct of the said John J. Lancaster in procuring himself to be designated as the recipient and appointee of the said property.

The objects of the bill were to obtain a decree for the interest, or amount that might be found due from the estate of John J. Lancaster to the estate of T. C. Lancaster, on account of the shares of the said T. C. Lancaster in the profits of a certain banking business carried on by the said John J. Lancaster in the state of New York, and to have the following accounts, namely: an account of the proceeds of certain sales of property so conveyed, alleged to have been made by John J. Lancaster; an account of the rents and profits of certain of the real estate mentioned in the bill as having been conveyed by the said T.

C. Lancaster to the said John J. Lancaster, and an account of the proceeds of an insurance policy taken upon the life of Thomas C. Lancaster for the benefit of his wife, the said Julia A. Lancaster.

To this bill the foreign representatives of John J. Lancaster filed a plea in abatement, which was sustained by the court, upon the ground that the plaintiffs had failed to make out a case entitling them to sue a foreign administrator in the said circuit court; and thereupon the bill was dismissed as to such representatives.

The cause having been remanded to rules, with leave to amend the bill, subsequently, to wit: at March rules, 1888, the plaintiffs, the personal representatives of T. C. Lancaster, deceased, certain of the heirs of the said T. C. Lancaster, and the administrator of one of the said heirs who had died, filed their amended bill against the personal representative of John J. Lancaster, in Virginia, whom they had, pending this litigation, caused to be appointed, and against the widow of T. C. Lancaster, and the other heirs of T. C. Lancaster, who had not been named as plaintiffs, and the infant heirs of John J. Lancaster, who are the appellants here.

In this amended bill, the allegations and the prayers of the original bill are reiterated, the only new allegations being that since the filing of the said original bill, the will of John J. Lancaster, made in New York, the place of his residence at the time of his death, had been admitted to probate in the state of Virginia, and that letters of administration had been granted thereon.

To the amended bill infant children of John J. Lancaster, by their guardian *ad litem,* filed their demurrer, which, being overruled, they took this appeal.

It thus plainly appears that the first, and perhaps, the only question we have to decide, is whether an appeal lies from such a decree. For unless this inquiry can be determined affirmatively, the court has no election, although, if it were permitted

to examine the bill, it might be of opinion the bill was multifarious, or demurrable for misjoinder of parties, or that it should have been dismissed for want of jurisdiction, but must dismiss the appeal.

Now that the jurisdiction of this court in relation to such appeals is purely statutory, there can be no doubt. *Elder's Ex'ors* v. *Harris*, 75 Va., 68. Does, then, the present case come within the words or purview of the statute? This is the inquiry. The statute, sec. 2, ch. 178, Code 1873, the language of which is identical with sec. 3454 of the Code of 1887, provides that any person, who is a party to any case in chancery wherein there is a decree or order dissolving an injunction, or requiring money to be paid, or the possession or title of property to be changed, or adjudicating the principles of the cause, or to any civil case wherein there is a final judgment, decree, or order, may present a petition, if the case be in chancery, for an appeal from the decree or order.

It is not pretended that this is a final decree, or that it belongs to either of the classes first enumerated in the statute, but it is insisted, with much earnestness and plausibility, that the decree in the present case is a decree adjudicating the principles of the cause.

The theory of the appellants is that the effect of the action of the court is to declare that the correct decision of the case is dependent upon an account of the alleged partnership and to compel such an account. But in this we think the appellants are mistaken. The effect, at most, of the overruling of the demurrer is to say that in the opinion of the court, if the plaintiffs establish the case made in their bill, they may be entitled to the relief sought therein.

It is difficult, if not impossible, to define exactly what is meant by adjudicating the principles of the cause in such a way as to fit every case; but it must mean that the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only neces-

sary to apply these rules or methods to the facts of the case in order to ascertain the relative rights of the parties with regard to the subject matter of the suit. If this be so, why, then, manifestly the action of the court does not adjudicate the principles of the cause, but only indicates an opinion that the rendering of the account is necessary to a correct determination of the question whether there shall be a reconveyance of the property or not.

But apart from the special circumstances of this case, the court is of opinion that a decree of this kind does not fall within the purview of the statute.

While I can find no case in which the question has been adjudged or even raised in this state, that is a circumstance in itself from which, considering the multitude of instances which have occurred in which it must have been to the interest of both parties to have had an appeal from just such decrees, that the opinion of the bar is, and has been, adverse to the pretension.

I find, however, that in West Virginia, where the statute is doubtless similar to our own, that the question has been directly adjudged, and in accordance with this view. *Buchler, Bowright & Co.* v. *Cheuveont & Co.*, 15 W. Va., 480.

It follows, as the result of these views, that the appeal must be dismissed as having been improvidently awarded.

APPEAL DISMISSED.