Statement.

# Richmond.

### RICHMOND, FREDERICKSBURG AND POTOMAC RAILROAD CO. v. JOHNSON AND OTHERS.

#### MARCH 21, 1901.

1. APPEAL AND ERROR—*Roadways—Final Orders—Code, Sec. 3453.*—An order of a county court appointing commissioners to ascertain what would be a just compensation for land proposed to be taken for a public road is not a final order, and no appeal lies from it. Section 3453 of the Code, which gives an appeal of right to any person who thinks himself aggrieved by an order in a controversy concerning a roadway, refers to a *final* order. *Jeter* v. *Board*, 27 Gratt. 920 criticised.

2. APPEAL AND ERROR—*Roadway—Remanding Cause—Dismissal.*—On an appeal from a county court to a circuit court, in a road case, an order of the circuit court which, without deciding any question in the cause, remands it to the county court for further proceedings, has the same effect as a dismissal of the appeal.

Appeal from an order of the Circuit Court of Henrico county remanding to the County Court of said county for further proceedings, an appeal from an order of the latter court made on an application to establish a public road, wherein the appellees were the plaintiffs, and the appellant and others were the defendants.

*Appeal dismissed.*

The opinion states the case.

*Leake & Carter* and *Preston & Leake*, for the appellant.

*Sands & Sands,* for the appellees.

HARRISON, J., delivered the opinion of the court.

This was a proceeding in the County Court of Henrico to establish a public road. The viewers appointed, returned a report and diagram, finding that the proposed road would be a great public convenience, and recommending that it be established. The contemplated route lay across the railway track of the plaintiff in error, and, in response to a summons to show cause, the railroad company appeared and objected to the road being established. The court, after hearing all the evidence adduced as well for as against the application, deeming it necessary before deciding the case to have further information as to the cost, appointed a commission of disinterested free-holders to ascertain a just compensation to the railroad company for the roadway across the strip of ground owned by it. From this order an appeal was taken by the plaintiff in error to the Circuit Court of Henrico. The Circuit Court overruled a motion made by the defendants in error to dismiss the appeal as improvidently awarded, but, upon examination of the record, held that the railroad company had not been aggrieved by the orders of the County Court, and remanded the cause for further proceedings. This action of the Circuit Court we are now asked to review and reverse.

The court is of opinion that the order of the County Court appointing commissioners to ascertain what would be a just compensation to the plaintiff in error for establishing the road across the strip of ground owned by it was not a final order, and that the appeal therefrom to the Circuit Court was improvidently awarded, and should have been dismissed. Nothing was decided by that order, and the rights of the parties were in no way impaired or affected thereby. On the contrary, the opinion of the court was expressly reserved on the face of the order until it could ascertain, through the commissioners thereby appointed, what would be a just compensation to the plaintiff in error. *Non constat* but that, when such information was had, the court would decline to establish the road and dismiss the proceeding,

and leave the plaintiff in error without cause for complaint. But it is contended that under section 3453 of the Code there may be an appeal of right from any order of a county court in a controversy concerning a roadway, and in support of this proposition *Jeter* v. *Board*, 27 Gratt. 920, is relied on. It is true that Judge Moncure, in that case, does say that an appeal of right would be allowed from any interlocutory order of the county court in a matter concerning the establishment of a road. In that case, however, the court was dealing with a final order, and a glance at the opinion is sufficient to show that the language used by the learned judge was *obiter*, and it has been so held by this court in *Tucker* v. *Sandridge*, 82 Va. 534.

Section 3453 of the Code provides that any person who thinks himself aggrieved by an order in a controversy concerning a roadway, may, in a county court, during the term at which such order is made, appeal therefrom of right. This section, when read in connection with the general law touching appeals found in section 3454, leaves, we think, no room to doubt that the order mentioned in section 3453 from which there may be an appeal of right is a final order. If, as contended, it meant that there could be an appeal of right from any order made by the county court in a controversy concerning a roadway, then every order, however inconsequential, that was made, from the inception of the proceeding to the end, could be appealed from, thereby prolonging the controversy indefinitely.

Inasmuch as the action of the Circuit Court secures the same result that would have been accomplished by dismissing the appeal, that order will not be disturbed, and the appeal to this court will be dismissed as improvidently awarded.

*Dismissed.*