# Richmond.

## VALLEY TURNPIKE COMPANY v. MOORE
### AND
### SAME v. STRICKLER.

#### November 20, 1902.

1. APPEAL AND ERROR—*Appeals from Justice of Peace to County Court—Removal to Circuit Court.*—The usual course of appeal from a judgment of a justice of the peace is to the County or Corporation Court, and if a litigant claims the right of appeal to the Circuit Court on the ground that the constitutionality or validity of an ordinance or by-law of a corporation is involved, the burden is on him to show that fact to the justice who tries the case so that he may, in the first instance, allow the appeal and return the papers to the proper court. If the appeal is allowed to the County Court, that court has no power to remove the case to the Circuit Court on the ground that the appeal should have been to that court in the first instance. Its only power of removal is for cause, after notice, as provided by Code, sec. 3315. The only orders the County Court could enter in such a case would be either to dismiss the appeal, or remand the case to the Justice for such further action as might be necessary.

2. APPEAL AND ERROR—*Appeal from Justice of Peace to Circuit Court.*—Where a Circuit Court has jurisdiction of an appeal from the decision of a justice, under Code, sec. 2956, the appeal is direct and original, and cannot come by way of removal from the County Court.

3. APPEAL AND ERROR—*Jurisdictional Facts—Burden of Proof—Case at Bar.*—It is incumbent on a party seeking the jurisdiction of this court to show the existence of the jurisdictional facts relied on, and that the matter in controversy is directly, and not merely incidentally or collaterally involved. In the case at bar, an attempt was made to show by affidavit that this court has jurisdiction under that provision of sec. 2, Art. VI., of the Constitution, which allows an appeal in cases where the matter in controversy concerns the right of a corporation or county to any tolls or taxes, but the affidavit is not sufficient in substance even if it can be regarded as a part of the

record for any purpose, not having been made so by bill of exception, or otherwise.

4. APPEAL AND ERROR—*Final Judgment—Order of Circuit Court Remanding Cause to County Court.*—An order of a Circuit Court remanding a cause to the County Court from which it had been improperly removed into the Circuit Court is not a final judgment to which a writ of error will lie from this court.

5. MANDAMUS—*Improperly Dismissing an Appeal.*—If an appeal from a justice of the peace to the County Court is improperly dismissed by the latter, the proper remedy to correct the error is a writ of *mandamus.*

Error to judgments of the Circuit Court of Rockingham county, rendered October 25, 1901, remanding to the County Court of said county appeals taken from a justice of the peace of said county. In one case the judgment of the justice was against the defendant in error, Moore, and he appealed, and in the other the judgment was against the plaintiff in error, and it appealed.

*Dismissed.*

The opinion states the case.

*Sipe & Harris,* for the plaintiff in error.

*Chas. D. Harrison* and *D. O. Deckert,* for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

These cases involving cognate questions were, by agreement of counsel, heard together.

Both originated in warrants issued by a justice of the peace on behalf of the Valley Turnpike Company to recover of the defendants certain tolls alleged to be due by them, respectively, for the use of the company's turnpike.

In the first-named case, judgment was rendered for the plaintiff for the full amount of its account, $10.57, with interest and costs; and on the application of the defendant an appeal was allowed to the County Court. After the case reached that

court, the attorney for the company made affidavit that he verily believed the constitutionality of an ordinance or by-law of the company, a corporation, was involved . . . in that the case involved the right of the company to collect the tolls ordained by its duly constituted authorities, as proper and legal tolls, by it under the law entitled to be received from the defendant for and on account of the travel set out and described in the account sued on. Whereupon the County Court, on motion of the company, and over the objection of the defendant, entered an order removing the case to the Circuit Court.

In the second-named case, the warrant, which was for $14.63, was tried by a different justice, and judgment rendered for the plaintiff for $3.52, the amount due for heavy hauling, with interest and costs, the justice deciding that the company had no right of action for the charges for light travel.

The company prayed an appeal from that judgment to the County Court, which was allowed.

Similar proceedings to those in the first case, including the removal of the case to the Circuit Court, were had.

At the hearing the Circuit Court, being of opinion that it was without jurisdiction in the premises, remanded both cases to the County Court.

Appellant seeks to have these orders reviewed upon appeals here.

It does not appear how the company has been prejudiced by the order of the Circuit Court in the first case. If, as it maintains, the County Court has no jurisdiction, a dismissal of the appeal for that reason would leave the judgment of the justice in its favor intact.

This court is confronted at the threshold of the enquiry by a question of its own jurisdiction. The general course of appeal from an order or judgment of a justice is, in the first instance, to the County or Corporation Court of the county or corporation in which the order is made or judgment rendered (even in

cases which may be ultimately carried to the court of last resort); except, only, that in a case involving the constitutionality or validity of an ordinance or by-law of a corporation the appeal is cognizable by the Circuit Court having jurisdiction over such county or corporation. Code of Va., sec. 2956.

It is the duty of a justice from whose judgment°an appeal is allowed to make an entry of the fact upon his record, and to immediately deliver to the clerk of the court which has cognizance of the appeal the original warrant, with the judgment and name of the surety endorsed thereon, together with all exhibits before him shown at the trial. Acts 1893-'4, p. 486. For form of entry of appeal, see Mayo's Guide, p. 677.

The obligation rests upon a litigant who claims a right of appeal from the judgment of a justice to a Circuit Court, to make it appear that the case comes within the exception of the statute regulating the general course of appeals, that is to say, that it involves the constitutionality or validity of an ordinance or by-law of a corporation. If it does, the appeal lies directly to the Circuit Court, and not through the medium of the County Court, as in other cases. These jurisdictional facts must be made to appear before the justice, in order that he may determine the court to which the appeal is to be certified, and to what clerk he must deliver the warrant and other papers, as required by statute.

In the cases under consideration this course was not pursued; but in the one instance, the defendant, and in the other, the company, appealed to the County Court, and, as observed, after the cases were received and docketed in that court, the company sought to remove them to the Circuit Court upon the theory that they ought to have gone there in the first instance.

There is no authority for that practice in this State. If the County Court had no jurisdiction of the cases, as plaintiff in error insists, it had no power to order their removal to the Circuit Court. Indeed, the only orders that it could lawfully make

in such case would be either an order of dismissal for want of jurisdiction, or an order remanding the case to the justice for such further action therein, by way of certifying the appeal to the Circuit Court, as might be proper. But if, on the other hand, the County Court had jurisdiction, the cases could only be *removed* to the Circuit Court upon notice, and for cause. Code of Va., sec. 3315.

Where the jurisdiction of the Circuit Court is invoked under the exception contained in section 2956 of the Code, it is, as remarked, not a case for removal at all, but for original appeal from the order or judgment of the justice to that court.

The ground of appeal originally relied on by appellant was, under section 2956 of the Code, that the constitutionality or validity of an ordinance or by-law of a corporation was involved. In its petition for an appeal, it also invokes the jurisdiction of this court under that provision of section 2, Article VI., of the Constitution which allows an appeal in cases where the matter in controversy concerns the right of a corporation or county to levy tolls or taxes. The general rule is that a party seeking an appeal must establish the jurisdiction of the court whose revisory powers are invoked. *Harman* v. *Lynchburg*, 33 Gratt. 37; *Adkins* v. *City of Richmond*, 98 Va. 91.

It appearing that the primary object of this litigation is to enforce the collection of money demands for amounts below the jurisdiction of this court, the *onus* rests upon the appellant to show some other ground of jurisdiction. That it seeks to accomplish by means of the affidavit referred to. If the affidavit can be regarded as part of the record for any purpose, it not having been incorporated into it by bill of exception or otherwise, it is insufficient to establish the jurisdictional facts relied on.

The conclusion of affiant, that a denial of the company's right to collect the particular tolls in question necessarily involves the constitutionality or validity of one of its ordinances or by-laws, or its right to levy tolls, by no means follows.

From anything that appears to the contrary, the company's right to collect tolls for light travel in the particular case may have been denied upon entirely different grounds, *e. g.*, that the tolls were not due, that they had been paid, or for other like cause.

At all events, it is incumbent upon a party who seeks the jurisdiction of this court, to show the existence of the jurisdictional facts relied on, and that the matter in controversy is directly, and not merely incidentally or collaterally involved. *Cook* v. *Dougherty*, 99 Va. 590, and cases cited; *Miller* v. *Nav. Co.*, 32 W. Va. 46.

But in addition to the foregoing considerations, the orders complained of are not such final orders as this court could review on appeal in a proper case.

In *Cowan* v. *Doddridge*, 23 Gratt. 579, the Circuit Court of Pulaski county, being of opinion that it had no jurisdiction to try the cause, directed that it be dismissed, and stricken from the docket. An appeal and *supersedeas* was allowed to that order, but at the hearing was dismissed as having been improvidently awarded. Afterwards, on application of appellant, a peremptory *mandamus* was issued by this court commanding the judge of the Circuit Court to hear and finally dispose of the cause. And a similar course was pursued, on like facts, in the case of *Kent, Paine & Co.* v. *Dickinson*, 25 Gratt. 817.

In the case of *Richmond, Fredericksburg and Potomac Railroad Company* v. *Johnson*, 99 Va. 282, an appeal was taken from an order of the County Court of Henrico, appointing commissioners to ascertain what would be just compensation to the owner for the land proposed to be taken for a highway. The Circuit Court of Henrico overruled a motion to dismiss the appeal as improvidently awarded, but remanded the case to the County Court for further proceedings. Upon an appeal from that order, this court held that the order of the Circuit Court was tantamount to a dismissal of the appeal, and being of opin-

ion that there had been no final order in the case, dismissed the appeal as improvidently awarded. *R. F. & P. R. Co.* v. *Johnson*, 99 Va. 282.

These authorities are controlling in that aspect of the cases under consideration. The orders sought to be reviewed are not final orders, and the appeals in both cases must be dismissed as having been improvidently awarded.

*Appeal Dismissed.*