# Richmond

HERBERT MAXWELL THRASHER, JR. v. WAYNE LUSTIG, ANCILLARY ADMINISTRATOR, ETC.

June 10, 1963.

Record No. 5572.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

The opinion states the case.

*William L. Parker*, for the appellant.

*Wayne Lustig* (*Gordon E. Campbell*, on brief), for the appellee.

I'ANSON, J., delivered the opinion of the court.

Wayne Lustig, ancillary administrator c.t.a. of the estate of Herbert Maxwell Thrasher, Sr., deceased, appellee herein, filed a bill in equity

against Herbert Maxwell Thrasher, Jr., the appellant, praying for the cancellation of that portion of a contract entered into between Thrasher, Sr., his wife, Beulah Mae Thrasher, and the appellant, under which Thrasher, Sr., transferred 120 shares of the capital stock of Greenbrier Farms, Inc., and 361⅔ shares of the capital stock of Greenbrier Farms Holding Corporation to appellant. It was alleged that Thrasher, Sr., was mentally incompetent and/or was unduly influenced by the appellant at the time the contract was entered into and the stock transferred.

Appellant filed a special plea in which he asserted that the ancillary administrator could not maintain this suit because he was not the real party in interest; and that the real party in interest, Beulah Mae Thrasher, who was a party to the contract and a necessary party to the suit, had not been joined therein. He also prayed in his plea that she be required to appear as a necessary party.

In support of his plea the appellant set out therein a long unsworn narrative, the pertinent parts of which are summarized as follows:

Appellant was the son of Thrasher, Sr., by a former marriage which ended in divorce in 1932. Thrasher, Sr., married Beulah Mae Thrasher in 1942.

On November 27, 1959, Thrasher, Sr., and his wife, who were residents of the State of Florida, entered into the contract in question in Virginia, wherein Thrasher, Sr., agreed to transfer all his stock in Greenbrier Farms, Inc., and Greenbrier Farms Holding Corporation and to convey his undivided interest in a tract of land containing 520 acres to the appellant. Under the terms of the contract the appellant agreed to pay Thrasher, Sr., within 90 days after his share in the tract of land had been adjudicated, the appraised value of his interest and to deliver to Thrasher, Sr., his negotiable note for $19,000, payable in installments of $1,200 per annum. In addition, the contract provided that the father would receive one-half of all the dividends on the stock transferred for a period of 15 years, or until his receipts from this source aggregated $75,000. Appellant conceded that the consideration was partly donative and benevolent.

After the parties complied with the terms of the contract, Thrasher, Sr., and his wife returned to their home in Florida, and on December 3, 1959, he executed a will in which he stated that he had previously made adequate provisions for his son and designated his wife as the sole beneficiary of his estate.

Two and a half months after the execution of the contract, Beulah

Mae Thrasher wrote appellant that she was not satisfied with it and she did not think it carried out the intention of the parties. She later requested that appellant increase the annual payments due under the contract.

In August, 1960, Thrasher, Sr., became ill while visiting in Virginia and was admitted to a Norfolk hospital. His wife later transferred him to a hospital in Florida and sought financial assistance from the appellant to meet the medical expenses. When appellant did not furnish any assistance she had her husband committed to the Florida State Hospital for the mentally ill on October 19, 1960, where he remained until his death on December 7, 1960.

Decedent's will was admitted to probate in Putnam county, Florida, and his widow qualified as executrix. On her motion Wayne Lustig was appointed ancillary administrator c.t.a. in Virginia.

Appellant averred that Beulah Mae Thrasher took decedent back to Florida after he became ill in Virginia in order to lay the foundation for this suit, whereby she could proceed through an ancillary administrator and escape the necessity of bringing the action as the real party in interest and testifying as a witness.

After hearing evidence in support of the plea the court sustained a motion to strike it and entered a decree which held that the ancillary administrator was a real party in interest, denied the appellant's motion to make Beulah Mae Thrasher a party to this suit on the ground that § 8-96[1], Code of 1950, as amended, 1957 Replacement Volume, prohibits the court from making a non-resident of Virginia a party, and granted appellant leave to file his answer to the bill of complaint within twenty-one days from the date of the decree. Appellant did not answer, and is here on an appeal from this decree.

At the outset we are confronted with appellee's motion to dismiss the appeal on the ground that the interlocutory decree appealed from is not appealable.

The jurisdiction of this Court in relation to appeals from interlocutory decrees is purely statutory. Section 8-462(2)(c), Code of 1950, 1957 Replacement Volume, allows an appeal in any chancery case wherein there is a decree or order "Adjudicating the principles

---

[1] "8-96. *Effect of nonjoinder or misjoinder; adding or dropping parties.*—No action or suit shall abate or be defeated by the nonjoinder or misjoinder of parties, plaintiff or defendant, but whenever such misjoinder or nonjoinder shall be made to appear by affidavit or otherwise, new parties may be added and parties misjoined may be dropped by order of the court at any stage of the cause as the ends of justice may require; but a new party shall not be added unless it shall be made to appear that he is a resident of this State * * *."

of the cause." Thus the question presented by the motion to dismiss is whether the decree appealed from adjudicates the principles of the cause so as to come within the meaning of the language of the statute.

The phrase, "Adjudicating the principles of the cause," refers to principles which affect the subject matter of the litigation and the rules by which the rights of the parties to the suit are to be finally determined. *Lancaster* v. *Lancaster*, 86 Va. 201, 204, 205, 9 S. E. 988, 990; *Lee* v. *Lee*, 142 Va. 244, 252, 253, 128 S. E. 524, 526, 527; *Mathieson Alkali Works* v. *Virginia Banner Coal Corp.*, 140 Va. 89, 101-104, 124 S. E. 470, 474.

In the *Lancaster* case, *supra*, this Court held that a decree overruling a demurrer to the bill of complaint was not appealable as it did not adjudicate the principles of the cause, and in discussing the meaning of the language of the statute allowing an appeal from an interlocutory decree it was said:

" * * * [I]t must mean that the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply these rules or methods to the facts of the case in order to ascertain the relative rights of the parties with regard to the subject matter of the suit." 86 Va. at pp. 204, 205, 9 S. E. at p. 990.

Here the decree appealed from determined, in accordance with well-recognized principles, that the ancillary administrator was a real party in interest and a proper party to maintain this suit to impeach transfers of personalty made by the decedent in his lifetime. *Samuel* v. *Marshall*, 3 Leigh (30 Va.) 614, 624; *Graveley* v. *Graveley*, 84 Va. 145, 153, 4 S. E. 218, 221; *McDaniel* v. *North Carolina Pulp Co.*, 198 Va. 612, 615, 616, 95 S. E. 2d 201, 204; *Holt* v. *Holt*, 232 N. C. 497, 61 S. E. 2d 448, 452; 21 Am. Jur., Executors and Administrators, §§ 897, 908, 940, pp. 875, 881, 902; 33 C. J. S., Executors and Administrators, § 123, p. 1077; 34 C. J. S., Executors and Administrators, §§ 737, 738, pp. 760-763.

The provisions in the decree holding that the chancellor did not have authority under Code § 8-96 to make Beulah Mae Thrasher a party to the suit as she was a non-resident and granting appellant leave to file his answer merely determined that under the allegations in the bill the case could proceed at that time without her being made a party. The chancellor did not decide that Mrs. Thrasher might not be a necessary party before he rendered a final decree on the merits of the case, but merely deferred action until the evidence

could be heard. Under the statute relied on, the chancellor could change his opinion "at any stage of the cause as the ends of justice may require" if it became apparent from the evidence that Mrs. Thrasher was a necessary party.

The decree settled none of the allegations in the bill of complaint. It did not mention the issues of undue influence or mental capacity or how the court might later decide those issues. Those points were not even raised by appellant's special plea. Nothing was decided as to whether there should be a partial rescission of the contract or the principles on which the relative rights of the parties to the suit might be ascertained. The subject matter of the suit was still in the breast of the court and appellant was granted leave to file his answer.

Moreover, as a general rule interlocutory decrees or orders overruling motions as to joinder of parties, or a substitution of parties, are not appealable. *Burgess* v. *Trevathan*, 236 N.C. 157, 72 S. E. 2d 231, 232; 4 C. J. S., Appeal and Error, § 116(a)(1), pp. 316, 317, and the many cases there cited; 2 Am. Jur., Appeal and Error, § 67, p. 891.

For the reasons stated, the interlocutory decree under review in no sense adjudicates the principles of the cause of this suit and it is not appealable. Having reached this conclusion, this Court is without jurisdiction to entertain the appeal. *Lancaster* v. *Lancaster, supra,* 86 Va. at pp. 203, 204, 9 S. E. at p. 989.

It follows that the appeal must be dismissed as having been improvidently awarded.

*Appeal dismissed.*