COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judge Kelsey and Retired Judge Stephens[*]
Argued at Richmond, Virginia


THE MATTAPONI INDIAN TRIBE,
 CARL T. LONE EAGLE CUSTALOW, CHIEF

                                                             OPINION BY
v.            Record No. 2581-03-1            JUDGE D. ARTHUR KELSEY
                                                             AUGUST 31, 2004

VIRGINIA MARINE RESOURCES COMMISSION
 AND THE CITY OF NEWPORT NEWS


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Marc Jacobson, Judge

        Eric D. Albert (Hope M. Babcock; Jesse Travis, Law Student Intern;
        David S. Bailey; Georgetown University Law Center Institute for
        Public Representation; David S. Bailey, L.L.C., on briefs), for
        intervenor appellant.

        John K. Byrum Jr., Assistant Attorney General (Jerry W. Kilgore,
        Attorney General; Roger L. Chaffe, Senior Assistant Attorney
        General; Carl Josephson, Assistant Attorney General, on brief), for
        appellee Virginia Marine Resources Commission.

        George A. Somerville (James E. Ryan, Jr.; M. Scott Hart; Stuart E.
        Katz, City Attorney; Allen L. Jackson, Chief Deputy City Attorney;
        Troutman Sanders, LLP, on brief), for appellee City of Newport
        News.


        The City of Newport News filed a circuit court appeal under the Virginia Administrative

Process Act (VAPA), Code § 2.2-4000 *et seq.* challenging a decision of the Virginia Marine

Resources Commission (VMRC).  The Mattaponi Indian Tribe and Chief Carl T. Lone Eagle

Custalow (collectively, the Tribe) sought to intervene in the VAPA circuit court case.  On

---

        [*] Retired Judge J. Warren Stephens took part in the consideration of this case by
designation pursuant to Code § 17.1-400.

September 25, 2003, the circuit court denied the motion to intervene. The Tribe filed a notice of appeal on October 7, 2003, which we recorded as Record No. 2581-03-1.

On December 19, 2003, we directed the parties to file briefs addressing the question whether Code § 17.1-405(4) authorizes this Court to exercise appellate jurisdiction over the circuit court's order denying intervention. Having reviewed the briefs and heard oral argument, we hold that the circuit court's order was not final and falls outside our interlocutory appellate jurisdiction under Code § 17.1-405(4). See generally Thrasher v. Lustig, 204 Va. 399, 403, 131 S.E.2d 286, 289 (1963) (noting that "as a general rule interlocutory decrees or orders overruling motions as to joinder of parties, or a substitution of parties, are not appealable"); cf. Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370 (1987) (holding that denial of permissive intervention cannot be subject to interlocutory appeal); Bagwell v. United Mine Workers, 244 Va. 463, 474, 423 S.E.2d 349, 356 (1992), rev'd on other grounds, 512 U.S. 821 (1994) (holding that an "order denying intervention was not a final, appealable order because it did not dispose of the whole subject matter of the case," and thus, the denial order motion can be challenged in an appeal of the final order).[1]

---

[1] We disagree that Jones v. Rhea, 130 Va. 345, 369, 107 S.E. 814, 822 (1921), concludes otherwise. In that case, the Virginia Supreme Court held that it had appellate jurisdiction over an interlocutory order denying intervention under a statute authorizing appeal of "any" order of the State Corporation Commission. Id. The statute did "not use the word 'final.'" Id. Though we acknowledge the remark in Jones along the lines that the denial order was "final" as to the intervenors, we reject it as non-binding *dicta*. See generally Newman v. Newman, 42 Va. App. 557, 566, 593 S.E.2d 533, 538 (2004) (*en banc*) ("*Dicta* cannot 'serve as a source of binding authority in American jurisprudence.'" (citation omitted)). Cf. Richmond, Fredericksburg and Potomac R.R. Co. v. Johnson, 99 Va. 282, 284, 38 S.E. 195, 195 (1901) (referring to Jeter v. Board, 68 (27 Gratt.) Va. 910, 1876 Va. LEXIS 82 (1876), the only citation relied upon in Jones for its *dicta*, the Supreme Court stated: "In that case, however, the court was dealing with a final order, and a glance at the opinion is sufficient to show that the language used by the learned judge was *obiter*, and it has been so held by this court in Tucker v. Sandridge, 82 Va. 532.").

In their briefs, the parties advise that the underlying VAPA circuit court action has been settled by Newport News and the VMRC. Based upon that settlement, the circuit court entered a "Final Decree" remanding the matter back to the VMRC for further proceedings and dismissing "with prejudice" the VAPA proceeding commenced by Newport News. On April 8, 2004, the Tribe filed a notice of appeal from the Final Decree. We recorded this appeal as Record No. 0846-04-1. Our decision to reject interlocutory jurisdiction over the intervention order has no effect on the disposition of the appeal in Record No. 0846-04-1. See generally Smith v. Woodlawn Constr. Co., 235 Va. 424, 429, 368 S.E.2d 699, 702 (1988) (recognizing the general rule that an "adverse interlocutory adjudication may be the subject of appeal from the final adjudication").

For these reasons, we dismiss without prejudice Record No. 2581-03-1 as outside our interlocutory appellate jurisdiction under Code § 17.1-405(4).

Dismissed without prejudice.