COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


MIRIAM ZUBIRANA O'DONOGHUE[1]

MEMORANDUM OPINION[*] BY
v.        Record No. 0331-06-4        JUDGE ROSEMARIE ANNUNZIATA
MARCH 27, 2007

HENRY J. O'DONOGHUE


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Gaylord L. Finch, Jr., Judge

Janice F. Willis for appellant.

Lawrence D. Gaughan for appellee.


Janice F. Willis, counsel for Miriam O'Donoghue ("wife") in a divorce action, appeals the

trial court's award of sanctions. For the reasons stated herein, we dismiss the appeal for lack of

subject matter jurisdiction.

Background

Henry O'Donoghue ("husband") and wife were married on August 16, 2002 and separated

on March 22, 2005. They had no children. Husband filed for divorce on March 25, 2005, and on

March 31, 2005, left for Afghanistan in connection with his work for the United States Drug

Enforcement Administration ("DEA"). On June 2, 2005, wife filed a motion for *pendente lite* relief

which the trial court heard on June 17, 2005. Wife sought a protective order, temporary and

---

[1] Both appellant and appellant's counsel, Janice F. Willis, appealed the trial court's
decision in this case. While Willis alone is the subject of sanctions levied in this case, the trial
court's order styles the case O'Donoghue v. O'Donoghue. Neither party has moved to amend
the style of the case.

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

permanent spousal support, and exclusive use of the marital residence and an automobile during the pendency of the divorce proceedings. No transcript of this hearing is included in the record, but the trial court's order denied wife's motion for exclusive use of the marital residence and the automobile, and directed husband to pay the mortgage and monthly utilities on the marital residence "until further agreement of the parties or order of this court." The trial court also issued a restraining order.

On October 18, 2005, wife filed a second motion for *pendente lite* relief. This motion alleged that husband had returned from Afghanistan on July 31, 2005, was living in the marital home, and was pressuring wife and her children to vacate the premises. While the motion referred to the fact that the wife could not work for six weeks due to shoulder surgery, it did not assert any change in circumstances justifying modification of the June 17, 2005 order. The prayer for relief in the October 18, 2005 motion mirrored that of wife's initial motion.

Another trial judge heard the second motion on November 4, 2005, and summarily denied it. The order noted that Willis left the court "contrary to the court's direction to draft [an] order for today," and was entered without any endorsement or objection by Willis. The order stated that "Complainant [husband] reserves attorney's fees on this matter."

On December 27, 2005, Willis notified husband's counsel of her intention to appear in court the following week to schedule another hearing on "*pendente lite* spousal support." Husband's counsel responded with a motion seeking sanctions against Willis on December 29, 2005, and for attorney's fees and costs incurred in defense of "counsel's repeated *pendente lite* motions."

On January 5, 2006, the court denied wife's motion for *pendente lite* relief. The following day, it granted husband's motion for sanctions and ordered Willis to pay $750 in attorney's fees. This appeal followed.

Analysis

Willis asserts that this Court has jurisdiction to review the trial court's award of sanctions because it is an appealable interlocutory order within the meaning of Code § 17.1-405(4). Pursuant to that section, this Court has jurisdiction over "[a]ny interlocutory decree or order entered in [domestic relations matters] . . . (i) granting, dissolving, or denying an injunction or (ii) adjudicating the principles of a cause." As the order on appeal does not involve an injunction, we must address whether it "adjudicates the principles of a cause."

"The Court of Appeals of Virginia is a court of limited jurisdiction." Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996). "Unless a statute confers subject matter jurisdiction to that court over a class of appeals, the Court of Appeals is without authority to review an appeal." Lewis v. Lewis, 271 Va. 520, 524-25, 628 S.E.2d 314, 316-17 (2006).

What constitutes an adjudication of the "the principles of the cause" is "'difficult, if not impossible, to define exactly . . . .'" Vinson v. Vinson, 41 Va. App. 675, 683, 588 S.E.2d 392, 396 (2003) (quoting Lancaster's Adm'r v. Lancaster's Adm'r, 86 Va. 201, 204, 9 S.E. 988, 990 (1889)). The Supreme Court of Virginia has stated, however, that

> "it must mean that the rules or methods by which the rights of the
> parties are to be finally worked out have been so far determined
> that it is only necessary to apply these rules or methods to the facts
> of the case in order to ascertain the relative rights of the parties
> with regard to the subject matter of the suit."

Lewis, 271 Va. at 526, 628 S.E.2d at 317 (quoting Lancaster, 86 Va. at 204-05, 9 S.E. at 990).

With respect to domestic relations disputes, an interlocutory order which adjudicates the principles of a cause "'must respond to the chief object of the suit . . . determin[ing] the status of the parties' marriage and the custody of the parties' children, and if appropriate, to award spousal and child support.'" Id. (quoting Wells v. Wells, 29 Va. App. 83, 86, 509 S.E.2d 549, 551

(1999)).  In <u>Lewis</u>, an interlocutory decree dismissing a husband's cross-bill for annulment "did not 'respond to the chief object' of the domestic relations dispute nor did it determine the '"principles" that [were] necessary to adjudicate the cause.'"  <u>Id.</u> at 527, 628 S.E.2d at 318 (quoting <u>Erikson v. Erikson</u>, 19 Va. App. 389, 391, 451 S.E.2d 711, 713 (1994)).  Thus, the decree did not fall within the subject matter jurisdiction of this Court.  <u>Id.</u> at 528, 628 S.E.2d at 319.

Guided by <u>Lewis</u>, we hold that this appeal does not fall within our subject matter jurisdiction.  The interlocutory order awarding sanctions against Willis "[does] not 'respond to the chief object' of the domestic relations dispute nor . . . determine the '"principles" . . . necessary to adjudicate the cause.'"  <u>Id.</u> at 527, 628 S.E.2d at 318 (citation omitted).  "It [does] not determine the status or validity of the parties' marriage . . . award spousal support or make an equitable distribution of marital assets."  <u>Id.</u>

While an award of sanctions constituted a final, appealable order in <u>Vinson</u>, that case is distinguishable because the attorney against whom the sanctions were imposed had withdrawn from the case by the time the sanctions order was entered.  Therefore, with respect to the attorney, it was a "'final' order, completely resolving the issue of sanctions against appellant and allowing for execution of the judgment."  <u>Vinson</u>, 41 Va. App. at 684, 588 S.E.2d at 397.

Because Willis continues to represent wife in this divorce proceeding, the issue of appropriate attorney's fees will be decided by the trial court in its final decree, including any additional sanctions the trial court may deem appropriate.  Thus, the issue of sanctions has not yet been completely resolved.  <u>Cf. Vinson</u>, 41 Va. App. at 684, 588 S.E.2d at 397.  As "the interlocutory decree before us did not adjudicate the principles of a cause and was therefore not appealable," <u>Lewis</u>, 271 Va. at 528, 628 S.E.2d at 319, we lack subject matter jurisdiction to entertain the appeal.

Both parties have requested costs and attorney's fees incurred during this appeal, and husband has sought the imposition of sanctions against appellant for filing the appeal. We deny these requests insofar as they relate to the jurisdictional question.[2] Appellant brought this appeal before this Court's jurisdiction over interlocutory orders was clarified in Lewis. On that ground, we decline to award attorney's fees and costs. We also deny husband's request for sanctions under Code § 8.01-271.1, because appellant's jurisdictional arguments were based upon a reasonable reading of existing law. See Gilmore v. Finn, 259 Va. 448, 466, 527 S.E.2d 426, 436 (2000).

Dismissed.

---

[2] As the propriety of the trial court's sanctions award is not before us, however, we do not reach the question of whether the attorney's fees and costs incurred in connection with that issue are appropriate, O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996) (award of attorney's fees incurred on appeal appropriate upon determination that appeal is "frivolous"), or whether sanctions are appropriate under Code § 8.01-271.1.