975 F.2d 1075
 W.M. SCHLOSSER COMPANY, INCORPORATED, Plaintiff-Appellant,
v.
FAIRFAX COUNTY REDEVELOPMENT & HOUSING AUTHORITY,
Defendant-Appellee.
W.M. SCHLOSSER COMPANY, INCORPORATED, Plaintiff-Appellee,
v.
FAIRFAX COUNTY REDEVELOPMENT & HOUSING AUTHORITY,
Defendant-Appellant.
FAIRFAX COUNTY REDEVELOPMENT & HOUSING AUTHORITY, Plaintiff-Appellant,
v.
W.M. SCHLOSSER COMPANY, INCORPORATED, Defendant-Appellee.
FAIRFAX COUNTY REDEVELOPMENT & HOUSING AUTHORITY, Plaintiff-Appellee,
v.
W.M. SCHLOSSER COMPANY, INCORPORATED, Defendant-Appellant.
 Nos. 90-2177, 90-2197, 91-2003 and 91-2017.
 United States Court of Appeals,
Fourth Circuit.
 Argued July 29, 1991.
Decided Sept. 17, 1992.
As Amended Oct. 27, 1992.
 
 Michael Jay Cohen, Sadur, Pelland & Rubin-Stein, Chartered, Washington, D.C., argued (Francis J. Pelland, on brief), for appellant.
 Dennis Roane Bates, Sr. Asst. County Atty., Fairfax, Va., argued David T. Stitt, County Atty., Robert Lyndon Howell, Deputy County Atty., Fairfax, Va., for appellee.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 OPINION
 WIDENER, Circuit Judge:
 
 
 1
 This consolidated appeal arises out of a dispute concerning a construction contract between the Fairfax County, Virginia, Redevelopment and Housing Authority (Authority) and W.M. Schlosser Company (Schlosser), a Maryland corporation. Both parties appeal from decisions of the district court.[1]
 
 
 2
 On August 2, 1988, Schlosser and the Authority entered into a contract for the construction of a mobile home park. The contract provided that the Contract Sum (the consideration) was $3,192,000.00.
 
 I.
 
 3
 From December 1988 through February 1989, Schlosser removed over 9,000 cubic yards of unsuitable fill material from the property and replaced it with select fill. Schlosser sought compensation for the removal and replacement of the unsuitable fill. The Authority's field representative, Greenhorne & O'Mara, signed the first two change orders submitted by Schlosser for the removal and replacement of unsuitable fill. On March 8, 1989, the Authority notified Schlosser that it would not pay for change orders involving unsuitable fill. Greenhorne and O'Mara, on March 16, denied Schlosser's third change order for unsuitable fill, "as recommended by" the Authority.
 
 
 4
 On May 4, 1989, Schlosser filed a claim, as required by statute, with the Director of the Authority seeking payment for the removal and replacement of the unsuitable fill. See Va.Code § 11-69 (requiring submission of claim to public body prior to instituting administrative procedures or legal action). The Director denied the claim on June 1, 1989. Schlosser then invoked the administrative review provided for in the contract and appealed the decision to the Fairfax County Executive on June 28, 1989. See Va.Code § 11-71 (allowing a public body to establish administrative procedures for review of public contract claims). On May 25, 1990, the County Executive issued his decision in favor of Schlosser in the amount of $634,437.00. The Authority then brought an action in the Circuit Court of Fairfax County. Schlosser removed the case to the United States District Court for the Eastern District of Virginia. The district court denied the Authority's motion to remand.
 
 
 5
 On November 19, 1990, the district court denied the Authority's motion for summary judgment and granted Schlosser's motion for summary judgment. On November 29, 1990, the court granted the Authority's motion to alter or amend the judgment on the issue of the amount of damages to be awarded. The court remanded the claim to the County Executive for a determination of the precise amount of damages. The court did not disturb its decision granting summary judgment in favor of Schlosser. At the same hearing, the court denied Schlosser's motion for sanctions against the Authority.
 
 
 6
 The Authority appeals in No. 91-2003 the district court's decision that the contract provided that certain excavation work would be compensated over and above the lump sum contract price. The Authority argues that Schlosser's claim should be denied because the removal of unsuitable fill material was included in the lump-sum contract price, Schlosser waived its right to contest the matter, Schlosser suffered no damage since the work was performed by a subcontractor who has released Schlosser from liability, Schlosser did not comply with a contractual notice provision, and the district court was without jurisdiction to review the County Executive's decision. Schlosser cross appeals in No. 91-2017 the district court's denial of sanctions.
 
 
 7
 Although these appeals have been briefed and argued by the parties, it has now come to our attention that the order of the district court appealed from is not a final order under 28 U.S.C. § 1291. That order was a remand to the County Executive to ascertain the correct amount of damages, and the initial order of the district court fixing damages was vacated. A final order is one which has decided all the issues between all the parties and which leaves nothing remaining to be done except execution of the judgment. The damages have not been fixed in this case, so there is not a final order. United States v. Dember Constr. Corp., 600 F.2d 11 (4th Cir.1979). That being true, the appeal in No. 91-2003 must be dismissed. Because No. 91-2017 is a cross-appeal, and there has been no final order in No. 91-2003 from which to cross appeal, the appeal in 91-2017 must also be dismissed. Both of these appeals are dismissed without prejudice.
 
 II.
 
 8
 Next, we are presented in No. 90-2177 with the issue of whether Virginia's statutory provision, that a contractor dealing with a public body may or may not utilize administrative review procedures prior to instituting legal proceedings, overrides language in a contract in which the contractor agrees to submit to the administrative review procedures created by the public entity. We decide that the statutory language is controlling and the contractor can choose to proceed directly in court without utilizing the public body's administrative review procedures.
 
 
 9
 On June 29, 1990, Schlosser brought an action in the United States District Court for the Eastern District of Virginia seeking damages resulting from change orders 6, 11, and 12.[2] The Authority filed a motion to dismiss based on its argument that Schlosser was required to exhaust the administrative procedures as set forth in the contract before instituting legal proceedings. The district court granted the motion, holding that when Schlosser entered into the contract it waived its right given under Va.Code § 11-70 that it could proceed in court without previous resort to administrative remedies.[3] We are of opinion the district court erred in so ruling.
 
 
 10
 Under Virginia law, Schlosser was required to submit its claim to the Authority. Va.Code § 11-69. After it received the Authority's decision, by statute, Schlosser had two options: (1) institute legal action as provided for in § 11-70, or (2) invoke administrative procedures meeting the standards provided for in § 11-71, if available.[4] In this case, the Authority had established administrative procedures which would conform to the standards required under § 11-71.
 
 
 11
 The contract contained a provision stating that the County Executive would hear appeals of decisions by the Housing Authority. It also provided that "A party may not institute legal proceedings until all administrative remedies as set forth herein or as required by the ordinances or resolutions of Fairfax County have been exhausted."[5]
 
 
 12
 The issue before us is whether the merits of the case should be heard before the district court or whether the contractor must proceed through the administrative review procedures provided for in the contract prior to any proceedings before the district court. We are of opinion that the clear statutory language that a "contractor need not utilize administrative procedures," Va.Code § 11-70(F), and "a contractor may bring an action involving a contract dispute with a public body in the appropriate circuit court," Va.Code § 11-70(E), is controlling. The Virginia legislature provided that a contractor dealing with a public body could either utilize administrative review or bring an action in court. We are of opinion that the parties could not validly contract contrary to the plain terms of an applicable statute.
 
 
 13
 Next, the Authority argues that because Schlosser had invoked the administrative procedures set forth in the contract on the unsuitable fill claims,[6] it was required to exhaust those administrative procedures on the change order claims. It relies on statutory language stating that if administrative procedures are invoked by the contractor "the procedures shall be exhausted prior to instituting legal action concerning the same procurement transaction unless the public body agrees otherwise." Va.Code § 11-70(F). The Authority construes "same procurement transaction" so broadly as to require all disputes arising out of the construction contract to be exhausted administratively once Schlosser invoked the procedures with respect to any dispute. We do not agree with this construction. We are of opinion that the "same procurement transaction" does not mean the same contract. Rather, it requires that if the administrative procedures are invoked in a disputed matter, the procedures must be exhausted as to that matter before a court action may be maintained. We think that a different matter, whose only relationship to an earlier dispute which had utilized the administrative scheme is that they both arose out of the same contract, could be pursued either administratively or by direct legal action. Therefore, Schlosser was not required to submit its claim concerning change orders 6, 11 and 12 to administrative review, prior to bringing legal action, and the merits of the claim should be heard in the district court. We are thus of opinion that the district court committed reversible error when it dismissed Schlosser's suit.[7]
 
 
 14
 Finally, the Authority cross-appeals in No. 90-2197 from the district court's decision that Schlosser's filing of its complaint in the federal district court tolled the six month appeal period provided for in Va.Code § 11-69(D).[8] The Housing Authority's decision was rendered on January 4, 1990. Schlosser filed its action in the district court on June 29, 1990. The district court dismissed Schlosser's action on August 3, 1990. That same day, Schlosser filed its notice of appeal with the County Executive. On August 10, 1990, the County Executive, referring to Va.Code § 11-69(D), rejected Schlosser's appeal and stated that the January 4, 1990, decision was final. Schlosser then filed a motion for reconsideration with the district court. The court denied the motion but held that the six-month period mentioned in § 11-69(D) was tolled during the pendency of the action in federal court. The district court sent the case to the County Executive with instructions to hold an administrative hearing as provided for by the contract. It is from this holding that the Authority appeals.
 
 
 15
 Because we hold that the district court erred in dismissing Schlosser's case, the question of whether the six-month period was tolled is now moot. It is inappropriate to remand the case on appeal for dismissal, it being a cross-appeal and not having separately arisen, so the appeal in this case will be dismissed without prejudice.[9]
 
 
 16
 In sum, we dismiss without prejudice the appeals concerning the unsuitable fill material and Schlosser's motions for sanctions; reverse the judgment dismissing Schlosser's case concerning change orders 6, 11 and 12, and remand that case to the district court; and dismiss without prejudice the appeal concerning the tolling of Va.Code § 11-69(D).
 
 The appeal in 91-2003 is
 
 17
 DISMISSED WITHOUT PREJUDICE.
 
 The appeal in 91-2017 is
 DISMISSED WITHOUT PREJUDICE.[10]
 
 18
 The district court's judgment in 90-2177 is
 
 
 19
 REVERSED AND THE CASE REMANDED.
 
 The appeal in 90-2197 is
 
 20
 DISMISSED WITHOUT PREJUDICE.
 
 
 
 [1]
 Becon Services Corporation's motion for leave to file an amicus curiae brief is denied
 
 
 [2]
 It is especially noted that this litigation on account of change orders 6, 11 and 12 was instituted by Schlosser prior to the institution of the litigation discussed in Part I hereof which was instituted by the Authority
 
 
 [3]
 Va.Code § 11-70, in pertinent part, provides as follows:
 E. A contractor may bring an action involving a contract dispute with a public body in the appropriate circuit court.
 F. A ... contractor need not utilize administrative procedures meeting the standards of § 11-71 of this Code....
 
 
 [4]
 In pertinent part the statute reads as follows:
 § 11-71. Administrative appeals procedure.--
 A. A public body may establish an administrative procedure for hearing ... appeals from decisions on disputes arising during the performance of a contract.... Such administrative procedure shall provide for a hearing before a disinterested person or panel, the opportunity to present pertinent information and the issuance of a written decision containing findings of fact. The findings of fact shall be final and conclusive and shall not be set aside unless the same are fraudulent or arbitrary or capricious, or so grossly erroneous as to imply bad faith. No determination on an issue of law shall be final if appropriate legal action is instituted in a timely manner.
 B. Any party to the administrative procedure, including the public body, shall be entitled to institute judicial review if such action is brought within thirty days of receipt of the written decision.
 Va.Code § 11-71.
 
 
 [5]
 The full text of the relevant contractual provision follows:
 
 
 [7]
 4.2 The County Executive or a designee shall hear appeals of or protests to the Director of Housing and Community Development decision regarding claims, disputes or other matters or questions between the Contractor and the Owner or A/E arising out of or relating to the performance of the Work. The County Executive or designee shall provide for a hearing, the opportunity to present pertinent information and shall issue a written decision containing findings of fact. The findings of fact shall be final and conclusive and shall not be set aside unless the same are fraudulent or arbitrary or capricious, or so grossly erroneous as to imply bad faith. No determination on an issue of law shall be final if appropriate legal action is instituted in a timely manner. Any party to the administrative procedure, including the Owner, shall be entitled to institute judicial review if such action is brought within thirty days (30) days of receipt of the written decision of the County Executive or his designee. A party may not institute legal proceedings until all administrative remedies as set forth herein or as required by the ordinances or resolutions of Fairfax County have been exhausted
 
 
 [6]
 The precise claims on which it relies are not identified in the Authority's brief. We assume the claims referred to are those with respect to the unsuitable fill since Schlosser appealed the unsuitable fill claim to the County Executive on June 28, 1989 and this case was filed in the district court on June 29, 1990
 
 
 [7]
 Schlosser also argues that the Fairfax County Executive is not a "disinterested person" within the meaning of Va.Code § 11-71, and therefore an administrative appeal to the Executive is not proper. Because we decide that Schlosser need not utilize the administrative procedures, we do not decide whether the Executive is a "disinterested person." However, we note in passing that Schlosser received a favorable decision from the Executive on its claim relating to the removal of undesirable material
 
 
 [8]
 Va.Code § 11-69(D) reads as follows:
 The decision of the public body shall be final and conclusive unless the contractor appeals within six months of the date of the final decision on the claim by the public body by invoking administrative procedures meeting the standards of § 11-71, if available, or in the alternative by instituting legal action as provided in § 11-70 of this Code.
 
 
 [9]
 Cf. United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950)
 
 
 [10]
 The motion of the Authority to dismiss appeal No. 90-2017 on other grounds is moot and is separately dismissed for that reason