Norfolk

# ROBERT W. ALEXANDER, III

v.

# MARY JAN MORGAN

No. 0962-93-1

Decided January 24, 1995

COUNSEL

Paul M. Lipkin; Mitchell D. Broudy (Goldblatt, Lipkin & Cohen, P.C.; Broudy & Broudy, on brief), for appellant.

Mark S. Smith (Michael R. Davis; Croshaw, Beale, Hauser & Lewis, P.C., on brief), for appellee.

OPINION

**WILLIS, J.**—Robert W. Alexander, III, contends that the trial court erred in ruling that a memorandum of proceedings, entered by the Norfolk Juvenile and Domestic Relations District Court, was an adjudication of paternity, precluding his contesting paternity and having the benefit of DNA testing in doing so. We agree and reverse the judgment of the trial court.

On February 26, 1987, the Norfolk Juvenile and Domestic Relations District Court held a hearing to determine paternity and support in this case. It memorialized a synopsis of the hearing on a record of proceedings form, stating:

> Court notes there will be an endorsed order to follow including an ack [sic] of patern [sic] and support terms as follows: That Mr. Alexander will be paying $115 per month support directly to the complainant beginnign [sic] 3/15/87 and 15th of ea [sic] mo [sic] until the child reaches the age of 18 or is otherwise ordered; that he is to maintain child on medical insurance policy and furnish the mother with a copy of such policy. Continued generally pending such an endorsed order. (Court notes all HLA test fees have been paid by the parties).

No such order was ever entered. However, within three months of the judge's ruling the parties executed an agreement, which included the terms set forth in the record of proceedings form.

In December 1992, Morgan petitioned for a modification of child support. Alexander moved for DNA testing to determine paternity. On January 7, 1993, the juvenile and domestic relations court denied relitigation of the paternity issue, holding that the February 26, 1987 record of proceedings form was an order. Morgan appealed this ruling to the trial court.

The trial court ruled that the February 26, 1987 record of proceedings form was a final order determining that Alexander was the legal father of the child. Because Alexander had not appealed this decision, the trial court quashed his motion for DNA testing.

On appeal, Alexander argues that the record of proceedings form clearly shows that the juvenile and domestic relations court intended for the case to be continued until an endorsed order was

submitted by counsel. Consequently, he argues, further action was necessary to give the relief contemplated — an endorsed order and an acknowledgment of paternity. We agree.

A final order is one that disposes of the whole subject, gives all the relief contemplated, and leaves nothing to be done in the cause save to superintend ministerially compliance with the order. *See Salem Loan and Trust Co. v. Kelsey*, 115 Va. 382, 383, 79 S.E. 329, 329 (1913). The February 26, 1987 memorandum on the record of proceedings form did not meet this standard.

The February 26, 1987 memorandum noted that an endorsed order would follow. It concluded by ruling that the case would be "[c]ontinued generally pending [entry of] such an endorsed order." Thus, by its express terms, the February 26, 1987 memorandum denied that it was the final order in the case and provided that such a final order should follow.

Furthermore, in stating that an acknowledgment of paternity should follow with the endorsed order, the memorandum of February 26, 1987 set forth no holding, but merely a statement of understanding and expectation. It was in no sense an adjudication of paternity.

We hold that the trial court erred in ruling that the February 26, 1987 memorandum was a final adjudication of paternity and in denying Morgan the opportunity to litigate paternity with the aid of DNA testing.

The mere fact that, following the February 26, 1987 hearing, Alexander entered into an agreement acknowledging paternity and undertaking responsibility for child support is not *res judicata* and does not estop him from litigating the paternity issue. *See Dunbar v. Hogan*, 16 Va. App. 653, 658-59, 432 S.E.2d 16, 19-20 (1993).

The judgment of the trial court is reversed and this case is remanded for a determination of paternity and such further proceedings as may be appropriate.

*Reversed and remanded.*

Benton, J., and Bray, J., concurred.