COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Willis and
          Senior Judge Overton
Argued at Alexandria, Virginia


NINA PORTER

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0975-00-4          JUDGE JERE M. H. WILLIS, JR.
                                         JANUARY 30, 2001
JOSEPH HOGUE


            FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                   James W. Haley, Jr., Judge

            Robert B. Goodall (Robert B. Goodall, P.C.,
            on brief), for appellant.

            No brief or argument for appellee.


     Nina Porter appeals the dismissal of her appeal from the

juvenile and domestic relations district court.  The trial court

ruled that an order entered on December 6, 1999 by the juvenile

and domestic relations district court was the final order in the

case and that Ms. Porter had not timely appealed that order.  We

reverse and remand.

                     I.  BACKGROUND

     On November 9, 1999, the juvenile and domestic relations

district court entered an order resolving matters of custody,

visitation and child support.  On November 16, 1999, Ms. Porter

appealed to the trial court.  On November 22, 1999, Ms. Porter

---

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

filed in the juvenile and domestic relations district court a "Motion to Rehear" alleging variances between that court's oral ruling on September 21, 1999, and the November 9, 1999 order. The juvenile and domestic relations district court granted Ms. Porter's "Motion to Rehear" and set the rehearing for November 30, 1999.

On November 30, 1999, the juvenile and domestic relations district court heard argument of counsel, but no witnesses were sworn and no evidence was taken. On December 6, 1999, the juvenile and domestic relations district court entered an "Amended Order" nunc pro tunc to November 9, 1999, correcting certain provisions of the original November 9 order.

Mr. Hogue moved the trial court to dismiss Ms. Porter's appeal on the ground that she had not appealed the final order. The trial court granted Mr. Hogue's motion and dismissed the appeal, ruling that the December 6, 1999 order was the final order and that Ms. Porter had not timely appealed that order.

## II. ANALYSIS

Ms. Porter argues that the November 9, 1999 order was the final order and, therefore, her appeal was proper and timely. We agree.

"A final order is one that disposes of the whole subject, gives all the relief contemplated, and leaves nothing to be done in the cause save to superintend ministerially compliance with the order." Alexander v. Morgan, 19 Va. App. 538, 540, 452

-

S.E.2d 370, 371 (1995) (citation omitted).  The November 9, 1999 order met this standard.

The December 6, 1999 order corrected errors contained in the original November 9, 1999 order.  It made no new adjudications.  It simply clarified and corrected misstatements of the juvenile and domestic relations district court's November 9, 1999 ruling.  It was expressly made nunc pro tunc to November 9 and, thus, became a part of the November 9, 1999 order.

Accordingly, the trial court's dismissal of the appeal is reversed, and this case is remanded for further proceedings.

Reversed and remanded.

-