COURT OF APPEALS OF VIRGINIA


Present:    Judges Benton, Frank and Felton
Argued at Chesapeake, Virginia


COMMONWEALTH OF VIRGINIA,
  DEPARTMENT OF PROFESSIONAL AND
  OCCUPATIONAL REGULATION,
  REAL ESTATE BOARD
                                                           OPINION BY
v.        Record No. 1868-04-1              JUDGE JAMES W. BENTON, JR.
                                                           JUNE 7, 2005
JAMIE W. LANCASTER AND
  CHRISTINA L. ROGERS, F/K/A
  CHRISTINA L. LANCASTER


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                            Frederick B. Lowe, Judge

            Eric A. Gregory, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General; M. Seth Ginther, Senior Assistant Attorney
            General, on briefs), for appellant.

            James A. Evans; Kevin E. Martingayle (Dinsmore, Evans &
            Bryant; Stallings & Bischoff, P.C., on brief), for
            appellees.


      The Department of Professional Regulation's Real Estate Board imposed sanctions on

real estate agents Jamie W. Lancaster and Christina L. Lancaster for three violations that

occurred during their representations of Alice Mann in real estate transactions.  Following the

Lancasters' appeal to the circuit court, the trial judge affirmed two of the sanctions and remanded

the third sanction (Count I) to the Board for a further hearing.  The Board contends the trial

judge erred in remanding the proceeding for a further hearing.  The Lancasters argue that the trial

judge had the authority to do so, but they contend the trial judge erred by denying their motion

for a judgment by default.  For the reasons that follow, we hold that the trial judge's order did

not address the merits of the third sanction and necessarily contemplates additional proceedings

in the Board, that the order is not a "final decision" within the meaning of Code § 17.1-405, and that we lack jurisdiction to consider the appeal.

I.

Jamie W. Lancaster and Christina L. Lancaster are licensed real estate agents, whose profession is governed by the Department of Professional Regulation's Real Estate Board. Code § 54.1-2100 to § 54.1-2111. Between June 1999 through August 2000, the Lancasters represented Alice Mann, an elderly woman, in various capacities in connection with properties in the City of Chesapeake. Christina Lancaster was the listing and sales agent in some of the five separate property transactions. Jamie Lancaster was the listing agent on at least one of the transactions, and he was paid to make repairs at one of the properties. Mann lost $40,000 as a result of these transactions.

The Lancasters' dealings with Mann resulted in a civil action initiated by Mann in which she alleged the Lancasters "defrauded, stole, and converted" large sums of money from her. A jury found that "Jamie and Christina Lancaster, acting together, intentionally committed fraud upon . . . Mann" and caused Mann to suffer losses. The jury awarded Mann $189,000.

Following the judgment in the civil action, Mann's son filed complaints with the Board on behalf of Mann. Based on Mann's complaints, the Board conducted an investigation of the real estate transactions and determined the evidence warranted an informal fact finding conference. At the conference, the Lancasters were represented by attorneys and had the opportunity to present evidence, respond to evidence, and to challenge the allegations in the complaints. At the conclusion of the informal conference, the presiding Board members drafted summary reports of the conference. The two reports, one concerning Christina Lancaster and the other concerning Jamie Lancaster, are virtually identical. They contain a "summation" of relevant facts, conclusions, and recommendations concerning four separate counts at issue. The

- 2 -

reports found that the Lancasters "failed to exercise ordinary care to safeguard the interest of [the] client, Mann, who had special needs based on her elderness," in violation of Regulation 18 VAC 135-20-260(8) (Count I); that the allegation of fraud "be closed with a finding of no violation," noting that the civil fraud judgment concerned gifts unrelated to the real estate transactions (Count II); that the Lancasters failed to properly account for money and property received in connection with the real estate transactions, in violation of Code § 54.1-2132(A)(2)(d) (Count III); and that the Lancasters engaged in "improper and dishonest conduct" in violation of 18 VAC 135-20-260(9) (Count IV). The reports, which were presented to the Board, recommended imposing the following sanctions for each of the Lancasters: $2,500 penalty and a one-year suspension of their licenses for Count I, $500 penalty for Count III, and $500 penalty for Count IV.

The record contains minutes of the Board meeting at which the Board considered the reports of the informal fact finding conference. The minutes reflect that the Lancasters and their attorneys were present and addressed the Board. The Board voted to accept the reports' findings that the Lancasters had committed the violations specified in Counts I, III, and IV and to accept the recommended sanctions. The Board also voted to accept the finding that the Lancasters did not commit the allegations that were dismissed in Count II.

The Lancasters appealed the Board's decision to the Circuit Court for the City of Virginia Beach pursuant to the Administrative Process Act (Code §§ 2.2-4000 to 2.2-4033). Following the filing of pleadings in the circuit court, the Lancasters filed a motion for default judgment, alleging that the Board failed to timely file responsive pleadings. The trial judge denied the motion, and the matter proceeded on the docket. At a later hearing in the circuit court, the parties argued the merits of the appeal. In part, Jamie Lancaster's attorney argued that Jamie Lancaster was only involved in one of the real estate transactions. Christina Lancaster's attorney

argued that the record contained "factual errors concerning who handled what transactions" and

that the Board treated both the same because Mann was elderly.

At the conclusion of the hearing, the judge made the following findings:

> [T]here are two issues before the Court here, one having to do with whether or not there is substantial evidence to support the [B]oard's findings, the other is the error of law, due process argument. And, as I indicated before, [it's] not a de novo issue as to whether or not there is sufficient or substantial evidence, and the Court is not allowed to substitute its judgment for that of the [B]oard.

> I am, however, convinced that it's a situation in which, quite frankly, there ought to have been more opportunity before the full [B]oard to have given these folks a chance to present their side of the case. . . . I am inclined to remand it back to the [B]oard for a full hearing only as to count one and specifically on the issue of the determination of failure to use ordinary care. And I don't think that it would take forever to come to . . . that issue specifically before the entire [B]oard. I don't think that the other counts really amount to a whole lot as far as either side is concerned.

> But the Court would be prepared to do that, unless counsel for the [Lancasters] tell me you don't want to do that, you would rather have a ruling one way or the other and take it up. But I think that's the appropriate thing to do is to remand it.

> \*　　\*　　\*　　\*　　\*　　\*　　\*

> And specifically, though, as to that one count and to that one issue, because I think . . . everybody has agreed that that's the issue, whether or not there was a failure to use ordinary care. And that's the standard, that's the issue, and that is what I think needs to be explored a little bit more fully and more in depth by the [B]oard.

The Board's attorney inquired whether the judge was requiring the Board to give "a full

hearing," and he informed the judge that the Board "normally gives these regulants five

minutes." The judge responded as follows:

> [T]hey can decide whether they want to do that or not. I'm not going to try to make their rules for them. They can decide whether they want to do five minutes or more than five minutes, or whether they're going to stick to the five minutes. And then I would imagine, depending on what the outcome at that level is, it will be

- 4 -

back up here and then we will be arguing about whether five minutes is enough. So there you are. So that's the way it will have to work.

After exploring the issue whether the suspension of the Lancasters' licenses would be stayed pending the remand, the Board's attorney reminded the judge that the Board could impose higher penalties on the Lancasters during the second hearing. The judge responded, "That's absolutely correct" and indicated that was the reason he "specifically asked [the attorney] whether or not he was making that request and he said that he was."

A discussion then ensued about whether the circuit court would retain jurisdiction over the case:

> [Lancaster's attorney]: So the Court maintains jurisdiction over this matter, remands it, and then -- because there's going to be this order of suspension, so obviously, as long as that's going on, the Court still has jurisdiction, but you're just sending it back to Richmond for them to figure out that part?
>
> [Judge]: It's a Court suspension.
>
> [Lancaster's attorney]: Yes, sir, count one, but you maintain jurisdiction. This is not a terminated proceeding. It's being sent back to Richmond.
>
> [Judge]: That's correct

The trial judge later entered a "final order" tendered by the parties. The order decrees that "Counts 3 and 4 of the . . . Board's Final Opinion[s] . . . are affirmed," and the order further provides as follows:

> For the reasons stated on the record . . . Count 1 of the Real Estate Board's Final Opinion[s] are set aside and remanded to the Board for a formal hearing, specifically, to address the issue of the [Lancasters'] failure to exercise ordinary care in respect to the client's interests in the transactions at issue in these cases, and in order to allow [the Lancasters] further opportunity to address the Board regarding that issue and in response to the findings and recommendations of the respective investigations and informal Fact Finding Conferences related thereto.

- 5 -

In addition, the order decrees that "this matter is hereby dismissed and is to be removed from the Court's docket."

II.

The Board contends that the trial judge erred in remanding the proceedings to the Board, arguing that the Lancasters had a full opportunity during the Board's proceedings to address the issue whether they failed to exercise ordinary care to safeguard the interests of Mann. Thus, the Board argues that we should reverse the judge's remand order and "affirm the [Board's] Final Opinion and Orders." The Lancasters respond that the trial judge did not err in remanding the case because the record contains insufficient evidence of their failure to exercise ordinary care and because the record established "a Board 'review' that lacked any attention to detail." In addition, the Lancasters present the additional question on appeal whether the trial judge erred in refusing to grant their motion for a default judgment.

Upon our review of the record and the order from which this appeal arises, we hold that the order remanding the case to the Board for further consideration is interlocutory and, despite its title, is not a "final decision" with the meaning of Code § 17.1-405.

"The Court of Appeals of Virginia is a court of limited jurisdiction." Canova Electric Contracting v. LMI Ins., 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996). As a court of limited jurisdiction, "[w]e have no jurisdiction over appeals except that granted us by statute." Polumbo v. Polumbo, 13 Va. App. 306, 307, 411 S.E.2d 229, 229 (1991). In this case, involving an appeal from the circuit court's review of an agency's action, our jurisdiction is defined by Code § 17.1-405. In pertinent part, this statute confers jurisdiction in this Court over the following:

> (1) Any final decision of a circuit court on appeal from (i) a
> decision of an administrative agency . . . or (4) [a]ny interlocutory
> decree or order entered in any of the cases listed in this section (i)

- 6 -

> granting, dissolving, or denying an injunction or (ii) adjudicating
> the principles of a cause.

Id.

"A final order is one that disposes of the whole subject, gives all the relief contemplated, and leaves nothing to be done in the cause save to superintend ministerially compliance with the order." Alexander v. Commonwealth, 19 Va. App. 538, 540, 452 S.E.2d 370, 371 (1995). If an order leaves any "vital questions unsettled" in the matter, it may not be considered final. Allen v. Parkey, 154 Va. 739, 748, 149 S.E. 615, 619 (1930). In short, a "final order" is an order "that is dispositive of the entire case." Black's Law Dictionary 1130 (8th ed. 2004).

Despite its title as the "Final Order," the order entered in this proceeding was not a "final decision" within the meaning of the statute as to the issues appealed. The order expressly remands the proceedings to the Board for reconsideration of the matter of "failure to exercise ordinary care," which underlies the Board's rulings and sanctions as to Count I. The trial judge made no determination of the merits of that issue and made no ruling concerning the sanctions of Count I. In this respect, the circumstances in this case concerning Count I are as we explained in Hoyle v. Virginia Employment Commission, 24 Va. App. 533, 484 S.E.2d 132 (1997): "When the trial judge remanded the case to the commission, the trial judge 'did not resolve any factual or legal issues concerning the merits of the case.'" Id. at 537, 484 S.E.2d at 133-34 (quoting Canova Elec. Contracting Inc., 22 Va. App. at 600, 471 S.E.2d at 830)). Just as in Hoyle, the judge's remand order in this case "was an interlocutory ruling that required further action" from the agency. 24 Va. App. at 537, 484 S.E.2d at 134. As we have often noted, "'[t]he mere possibility that [the remand order] . . . may affect the final decision in the trial does not necessitate an immediate appeal.'" Id. (quoting Pinkard v. Pinkard, 12 Va. App. 848, 853, 407 S.E.2d 339, 342 (1991)).

Federal courts, which are also courts of limited jurisdiction, apply a similar rule.

> The Supreme Court has noted "[t]he strong presumption . . . that judicial review [of agency decisions] will be available only when agency action becomes final. Because federal courts are constitutionally courts of limited jurisdiction, the statute must overcome this presumption by providing an explicit basis for appealing a non-dispositive order. Nothing in [the federal code] directs us to entertain appeals of non-final orders."

Carolina Power & Light Co. v. United States, 43 F.3d 912, 914 (4th Cir. 1995) (quoting Bell v. New Jersey, 461 U.S. 773, 778 (1983)).

The decision in Harper v. Bowen, 854 F.2d 678 (4th Cir. 1988), provides a helpful analysis as to why a remand to an agency is generally not an appealable issue. In that case, the Department of Health and Human Services denied Harper's social security disability claim. When Harper challenged that ruling in federal district court, the judge remanded the case to the Department for further proceedings because of the Department's failure to properly allocate the burden of proof. Id. at 679. The Department appealed that remand order to the Court of Appeals for the Fourth Circuit. In considering whether it had jurisdiction to hear the appeal, the Court concluded that the remand order was not a "final decision" within the meaning of 28 U.S.C. § 1291. The Court reasoned that the jurisdiction for appellate courts "'generally depends on the existence of a decision by the [trial judge] that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Harper, 854 F.2d at 680 (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978)). Most importantly, the remand gave the Department the opportunity to address the trial judge's concerns, and, "[b]y barring piecemeal appellate review, this rule preserves the [trial] court's independence and protects parties from the harassment of separate appeals of individual rulings." Harper, 854 F.2d at 680.[1]

---

[1] The United States Supreme Court has recognized certain statutory exceptions to the general rule. For example, in Sullivan v. Finkelstein, 496 U.S. 617, 619 (1990), it interpreted 42 U.S.C. § 405(g) as giving a right to appeal from a remand order in certain circumstances.

In the Lancasters' case, the remand order was not appealable under Code § 17.1-405 and was within the trial judge's authority. The trial judge had the statutory power to remand the case for additional findings regarding whether the Lancasters exercised ordinary care. Code § 2.2-4029 provides: "Where a regulation or case decision is found by the court not to be in accordance with law under § 2.2-4027, the court shall suspend or set it aside and remand the matter to the agency for further proceedings, if any, as the court may permit or direct in accordance with law." Addressing a somewhat similar issue in a workers' compensation appeal, we held as follows:

> "[The Act] does not expressly empower a reviewing court to remand a cause to the Commission. But, absent a specific mandate to the contrary, a statutory grant of appellate jurisdiction necessarily implies such a power. 'It is familiar appellate practice to remand causes for further proceedings without deciding the merits, where justice demands that course in order that some defect in the record may be supplied. Such a remand may be made to permit further evidence to be taken or additional findings to be made upon essential points.'"

Hoyle, 24 Va. App. at 537-38, 484 S.E.2d at 134 (quoting Jones v. Willard, 224 Va. 602, 606-07, 299 S.E.2d 504, 507-08 (1983)).

At this point in the proceedings, the trial judge has not decided the merits of Count I. The judge's remand order contemplates that the Board will determine whether its procedures in this case were adequate to give the Lancasters the opportunity to be heard on the issue of ordinary care. As the trial judge acknowledged, the Board could decide that its procedures were sufficient, or it could decide to conduct a more thorough hearing. In any event, the merits of the

Finkelstein, 496 U.S. at 625-29. Applying those statutory provisions, the Court held that "the Secretary of Health and Human Services may immediately appeal a district court order effectively declaring invalid regulations that limit the kinds of inquiries that must be made to determine whether a person is entitled to disability insurance benefits and remanding a claim for benefits to the Secretary for consideration without those restrictions." Id. at 619. The Court noted, however, that the issue in Finkelstein was "not the broad question whether remands to administrative agencies are always immediately appealable." 496 U.S. at 623.

issues concerning Count I of the Board's order remain undecided. Indeed, as the trial judge reminded the parties, only if he ruled on the merits of the case would that decision be appealable to this Court. Neither party objected when the judge said he "would be prepared to [rule on the case, and not remand], unless counsel for the [Lancasters] tell me you don't want to do that, you would rather have a ruling one way or the other and take it up."

The trial judge has yet to render his decision regarding Count I. Until the Board makes a decision on remand, it is speculative whether there will be an appeal. Simply put, there is no "final decision" within the meaning of Code § 17.1-405 that we can affirm or reverse.[2] Until the decision becomes final, there is simply no possible relief to grant either party.

As to the Lancasters' designation of the default judgment ruling as an additional question on appeal, see Rule 5A:21(b), we hold that it is also an interlocutory appeal within the meaning of Code § 17.1-405. For purposes of this appeal, we analogize the procedural posture to be similar to a cross-appeal. As the Court held in W. M. Schlosser Co., Inc. v. Fairfax County, 975 F.2d 1075, 1077 (4th Cir. 1992), because "there has been no final order [in the primary appeal] from which to cross appeal, the [cross] appeal . . . must also be dismissed." Accord Polk v. Montgomery County, 782 F.2d 1196, 1200 (4th Cir. 1986) (dismissing a cross-appeal for lack of appellate jurisdiction over the primary appeal). Procedurally, the additional question the Lancasters raise is essentially "a cross-appeal . . . [, has] not . . . separately arisen[, and] . . . will be dismissed without prejudice." W. M. Schlosser Co., 975 F.2d at 1079.

For these reasons, we hold that the appeal is interlocutory, and we dismiss the Board's appeal and the additional question raised by the Lancasters.

Dismissed without prejudice.

---

[2] Neither party contends, nor do we believe, that this decision was the kind of appealable interlocutory decision within the meaning of Code § 17.1-405.