COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Benton and Bumgardner
Argued at Richmond, Virginia


LOUDOUN HOSPITAL CENTER

MEMORANDUM OPINION[*] BY
v.        Record No. 0687-05-4                    JUDGE JAMES W. BENTON, JR.
                                                  DECEMBER 28, 2005

ROBERT B. STROUBE, M.D., M.P.H.,
  STATE HEALTH COMMISSIONER,
  THE HEALTH SYSTEMS AGENCY OF
  NORTHERN VIRGINIA, INC., NORTHERN VIRGINIA
  COMMUNITY HOSPITAL, L.L.C., AND INOVA
  HEALTH CARE SERVICES d/b/a INOVA FAIR OAKS
  HOSPITAL


                FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                       Theodore J. Markow, Judge Designate

            Mark S. Hedberg (Virginia H. Hackney; John D. Adams;
            Woodrow W. Turner, Jr.; Hunton & Williams LLP, on briefs), for
            appellant.

            Matthew M. Cobb, Assistant Attorney General (Judith Williams
            Jagdmann, Attorney General; David E. Johnson, Deputy Attorney
            General; Jane D. Hickey, Senior Assistant Attorney General, on
            brief), for appellee Robert B. Stroube, M.D., M.P.H., State Health
            Commissioner.

            Jeannie A. Adams (Thomas F. Hancock, III; Hancock, Daniel,
            Johnson & Nagle, P.C., on brief), for appellee Northern Virginia
            Community Hospital, L.L.C.

            No brief or argument for appellees The Health Systems Agency of
            Northern Virginia, Inc. and Inova Health Care Services, d/b/a
            Inova Fair Oaks Hospital.


       Loudoun Hospital Center filed a petition for appeal in the circuit court challenging three

certificate of public need decisions issued by the State Health Commissioner.  The circuit court

---

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

judge "set aside" all three decisions and remanded the cases to the Commissioner for further proceedings and reconsideration of the three decisions. On this appeal, Loudoun Hospital contends that the judge erred in remanding the cases to the Commissioner and erred in his rulings on other aspects of its petition for appeal. We agree with the Commissioner that the judge's ruling is not now appealable, and we dismiss the appeal without prejudice.

I.

In an administrative proceeding involving applications from three hospitals for certificates of public need for medical care facilities, see Code § 32.1-102.3, the State Health Commissioner denied Loudoun Hospital's application to add space for thirty-three beds in its hospital in Loudoun County, granted an application by Northern Virginia Community Hospital, L.L.C. to replace two of its existing hospitals (one in Arlington County and one in Fairfax County) with a new one hundred and sixty-four bed hospital in Loudoun County, and approved the application by Inova Health Care Services to add twenty-two beds at Inova Fair Oaks Hospital in Fairfax County.

At the conclusion of the circuit court hearing, the trial judge ruled that the Commissioner committed "reversible error" when he failed to include in the administrative record all correspondence received prior to the close of the administrative record. The trial judge also ruled that collateral estoppel did not preclude the Commissioner from approving Community Hospital's modified application, that the Commissioner's decision approving Community Hospital's application was not arbitrary and capricious, that the Commissioner's decision complied with the State Medical Facilities Plan, and that the Commissioner's failure to provide Loudoun Hospital with notice of correspondence received after the administrative record closed was error but was harmless because the Commissioner did not consider the correspondence in

reaching his decision.  The trial judge denied motions to reconsider and entered an order setting aside the Commissioner's decisions and remanding the cases for reconsideration.

In the order, the trial judge ruled that the Commissioner's "decision in each of the three appeals is dependent upon the decision(s) in the others" and that, therefore, he was setting aside all three decisions "due to the reversible error."  The order remanded all the cases to the Commissioner for a rehearing and included the following directions:

> 2.  The Commissioner is hereby instructed to re-open the Administrative Record on all three Cases and to include "any contrary fact basis or information in possession of the agency that can be relied upon in making an adverse decision," . . . Code § 2.2-4019(A)(iii), and all "written information including staff evaluations and reports and correspondence developed or utilized or received by the commissioner during the review of [the] medical care facility project[s]," 12 VAC 5-220-60, received prior to the date of this Order.  A copy of the Administrative Record, with the additions, shall be provided to all parties to this suit within thirty (30) days of the date of this Order.
>
> 3.  A hearing shall be conducted in which all parties to this suit shall be entitled to appear[,] permitted to introduce evidence[,] and present argument regarding any information contained in the Administrative Record that was not part of the record on December 19, 2003.  This hearing shall be conducted within thirty (30) days of the completion and distribution of the Administrative Record.
>
> 4.  After considering such new evidence, the Commissioner, in accordance with . . . Code § 32.1-102.3, is instructed to reconsider all three of his March 10, 2004 decisions, here at issue, based on all the evidence presented prior to this appeal and all evidence presented in accordance with this Order.  The final case decisions shall be issued within thirty (30) days of the hearing.

## II.

On this appeal by Loudoun Hospital from the trial judge's order, the Commissioner and Community Hospital moved to dismiss the appeal, arguing that the trial judge's order is not a final order or an appealable order.  We agree.

- 3 -

As a court of limited jurisdiction, the Court of Appeals has no jurisdiction over appeals except that which is granted by statute. Polumbo v. Polumbo, 13 Va. App. 306, 307, 411 S.E.2d 229, 229 (1991). Where, as here, the appeal is from the circuit court's review of an administrative case decision, our jurisdiction is dependent upon a "final decision of a circuit court" or an order "adjudicating the principles of a cause." Code § 17.1-405.

A final decision of the circuit court "is one that disposes of the whole subject, gives all the relief contemplated, and leaves nothing to be done in the cause save to superintend ministerially compliance with the order." Alexander v. Morgan, 19 Va. App. 538, 540, 452 S.E.2d 370, 371 (1995). Recently, we held that an "order remanding the case to [an administrative] Board for further consideration is interlocutory and, despite its title, is not a 'final decision' within the meaning of Code § 17.1-405." Commonwealth Dept. of Prof'l & Occupational Regulation v. Lancaster, 45 Va. App. 723, 730, 613 S.E.2d 828, 831 (2005). There, we applied the well established principle that when "an order leaves any 'vital questions unsettled' in the matter, it may not be considered final." Id. at 731, 613 S.E.2d at 832 (quoting Allen v. Parkey, 154 Va. 739, 748, 149 S.E. 615, 619 (1930)).

Loudoun Hospital "agrees [the trial judge's order] is not a 'final decision' for purposes of . . . Code § 17.1-405(1)." It contends only that the order adjudicated the principles of the cause.

> To adjudicate the principles of a cause, the decree must determine the rules by which the court will determine the rights of the parties. The decree must determine that "the rules or methods which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties, with regard to the subject matter of the suit."

Pinkard v. Pinkard, 12 Va. App. 848, 851, 407 S.E.2d 339, 341 (1991) (citations omitted).

The trial judge ruled that the Commissioner committed reversible error when he failed to disclose to the parties evidence in the record and that the Commissioner must reconsider his

decisions in all three cases. The trial judge's rulings did not declare invalid any regulations or rules or otherwise impose any conditions that would limit the Commissioner in his reconsideration of the administrative record. See e.g., Lancaster, 45 Va. App. at 733 n.1, 613 S.E.2d at 342 n.1. Likewise, nothing in the trial judge's rulings bound the Commissioner to reinstate his prior decisions; those rulings recognized that the Commissioner had the power to come to a different conclusion on all issues when he reheard the cases. In other words, this is not a case in which the judge issued rulings or actual limitations such "'that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties with regard to the subject matter of the suit.'" Pinkard, 12 Va. App. at 851, 407 S.E.2d at 341 (quoting Lee v. Lee, 142 Va. 252-53, 128 S.E. 524, 527 (1925)).

To the extent that the trial judge ruled on other issues, the rulings on those issues are purely advisory dicta. By ruling that the Commissioner committed reversible error when he failed to disclose all the evidence in the record before making his case decision, the trial judge merely rendered an advisory opinion when he addressed further issues. See Vulcan Materials v. Bd. of Supervisors of Chesterfield County, 248 Va. 18, 26, 445 S.E.2d 97, 100 (1994) (noting that if an administrative entity lacked authority to rule on an issue, a decision on other matters is advisory). At best this is a case where there exists "'[t]he mere possibility that [the remand order] . . . may affect the final decision in the trial.'" Whitaker v. Day, 32 Va. App. 737, 743, 530 S.E.2d 924, 927 (2000) (quoting Pinkard, 12 Va. App. at 853, 407 S.E.2d at 342). That circumstance, however, "'does not necessitate an immediate appeal.'" Id. (quoting Pinkard, 12 Va. App. at 853, 407 S.E.2d at 342). As a practical matter, appellate review is not foreclosed to any party in this case by the unavailability of an immediate appeal because all issues that are now raised on this appeal are available to be raised before the Commissioner at remand and at any later review of the Commissioner's reconsidered case decisions.

- 5 -

Accordingly, we hold that the Court is without jurisdiction to entertain this interlocutory appeal, and we grant the motions to dismiss without prejudice.

Dismissed.