PUBLISHED

## VIRGINIA:

*In the Court of Appeals of Virginia on*   **Tuesday**   *the* **20th** *day of* **February, 2018**.

Tesla, Inc.,                                                                                                Appellant,

 against          Record No. 1180-17-2
                 Circuit Court No. CL17-283

Virginia Automobile Dealers Association,                                                 Appellee.

Richard D. Holcomb, Commissioner,
 Department of Motor Vehicles,
 Commonwealth of Virginia,                                                               Appellant,

 against          Record No. 1181-17-2
                 Circuit Court No. CL17-283

Virginia Automobile Dealers Association,                                                 Appellee.

From the Circuit Court of the City of Richmond

Judges Petty, Beales and AtLee

Charles C. Lifland (John D. McGavin; Daniel M. Petrocelli; Randy
Oppenheimer; Anne E. Huffsmith; Bancroft, McGavin, Horvath & Judkins,
P.C.; O'Melveny & Myers, LLP, on briefs), for appellant Tesla, Inc.

Jeffrey R. Allen, Senior Assistant Attorney General (Mark R. Herring, Attorney
General; Eric K.G. Fiske, Special Counsel; Christian A. Parrish, Assistant
Attorney General, on briefs), for appellant Richard D. Holcomb, Commissioner
Department of Motor Vehicles.

Brad D. Weiss (Michael G. Charapp; Barrett C. Beaty; Charapp & Weiss, LLP
on briefs), for appellee.

The Commissioner of the Virginia Department of Motor Vehicles and Tesla, Inc. filed appeals with

this Court challenging the circuit court's order overruling their demurrers. The appellants argue that the

circuit court erred in finding the appellee, Virginia Automobile Dealers Association (VADA), has standing to

file an appeal in the circuit court challenging a case decision by the Commissioner. VADA filed with this

Court a motion to dismiss alleging that the order of the circuit court overruling the demurrers was not an

appealable order and, thus, this Court lacks jurisdiction to review the order. We conclude this Court lacks jurisdiction to hear the appeals, and we grant VADA's motion to dismiss.

BACKGROUND

Tesla requested an evidentiary hearing by the Commissioner to determine if it qualified under Code § 46.2-1572(4) to open a manufacturer-owned dealership in Richmond, Virginia. A hearing officer appointed by the Commissioner granted VADA's request to intervene in the proceeding. After a hearing, the hearing officer recommended that Tesla's request for a dealership in Richmond be denied. Tesla requested review by the Commissioner. The Commissioner ruled that Tesla qualified under Code § 46.2-1572(4) to open a dealership. Pursuant to Code § 2.2-4026 of the Virginia Administrative Process Act, VADA filed an appeal with the circuit court from the Commissioner's case decision; the appeal named the Commissioner and Tesla as appellees. The Commissioner and Tesla filed demurrers to the action, arguing that VADA had no standing to appeal the Commissioner's decision. In a June 26, 2017 order, the circuit court overruled the demurrers and ruled that VADA has standing as an aggrieved party to appeal the Commissioner's decision. The order also granted VADA leave to amend the petition for appeal to include two individual dealerships as petitioners. The circuit court did not reach the merits of VADA's claims of error. The Commissioner and Tesla filed an appeal of the circuit court's June 26, 2017 order pursuant to the Virginia Administrative Process Act. See Code 17.1-405(4).

ANALYSIS

"The Court of Appeals of Virginia is a court of limited jurisdiction." Commonwealth v. Lancaster, 45 Va. App. 723, 730, 613 S.E.2d 828, 831 (2005) (quoting Canova Electric Contracting v. LMI Ins., 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996)). "As a court of limited jurisdiction, 'we have no jurisdiction over appeals except that granted us by statute.'" Id. (quoting Polumbo v. Polumbo, 13 Va. App. 306, 307, 411 S.E.2d 229, 229 (1991)). Pursuant to Code § 17.1-405(1) and (4), the Court of Appeals has appellate jurisdiction over "[a]ny final decision of a circuit court on appeal from a decision of an administrative agency . . . [and] any interlocutory decree or order . . . adjudicating the principles of a cause." Id. at 731, 613 S.E.2d

-2-

at 831. "[A] 'final order' is an order 'that is dispositive of the entire case.'" Id. at 731, 613 S.E.2d at 831-32 (quoting Black's Law Dictionary 1130 (8th ed. 2004)). Our jurisdiction to consider an interlocutory order is limited to those orders that adjudicate the principles of the cause. Adjudicating the principles of a cause "mean[s] that the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply these rules or methods to the facts of the case in order to ascertain the relative rights of the parties with regard to the subject matter of the suit." Lewis v. Lewis, 271 Va. 520, 526, 628 S.E.2d 314, 317 (2006) (quoting Lancaster v. Lancaster, 86 Va. (11 Hans.) 201, 204-05, 9 S.E. 988, 990 (1889)). Thus, an interlocutory order adjudicating the principles of a cause "must address 'the chief object of the suit.'" de Haan v. de Haan, 54 Va. App. 428, 439, 680 S.E.2d 297, 303 (2009) (alteration omitted) (quoting Erikson v. Erikson, 19 Va. App. 389, 391, 451 S.E.2d 711, 713 (1994)).

An order adjudicating the principles of the cause must address the merits of the suit. Generally, preliminary rulings, such as overruling demurrers and determining standing, do not address the merits and therefore cannot be orders that adjudicate the principles of the cause.[1] Thrasher v. Lustig, 204 Va. 399, 403, 131 S.E.2d 286, 289 (1963). In Thrasher, Thrasher argued in the lower court that Lustig was not "a real party in interest," i.e. did not have standing, to bring the underlying suit and that a necessary party had not been joined. Id. at 401, 131 S.E.2d at 288. The lower court ruled Lustig *did* have standing to sue and gave Lustig leave to amend the complaint. Thrasher appealed the interlocutory order; Lustig filed a motion to dismiss the appeal. Id. Holding that "the interlocutory decree under review in no sense adjudicates the principles of the cause of this suit and it is not appealable," the Supreme Court dismissed the appeal. Id. at 403, 131 S.E.2d at 289. The Court noted that "as a general rule interlocutory decrees or orders overruling motions as to joinder of parties, or a substitution of parties, are not appealable." Id.; Richardson v. Bowcock, 213 Va. 141, 142, 191 S.E.2d 238, 238 (1972) ("An order overruling a demurrer is not one which adjudicates the principles of a

---

[1] Of course, if the circuit court had found VADA did *not* have standing, and accordingly sustained the demurrer and dismissed the case, then the order would have been appealable as a final, rather than interlocutory, order. See Code § 17.1-405(1).

-3-

cause."). The interlocutory decree regarding standing "settled none of the allegations in the bill of complaint." Thrasher, 204 Va. at 403, 131 S.E.2d at 289. Furthermore, "[t]he subject matter of the suit was still in the breast of the court and appellant was granted leave to file his answer." Id. The Court reasoned that the lower court's preliminary order merely determined that the case could proceed at that time and "merely deferred action until the evidence could be heard. . . . [A]t any stage of the cause as the ends of justice may require" the court could reconsider its decision. Id. at 402-03, 131 S.E.2d at 289.[2]

Here, the Commissioner and Tesla agree that the circuit court's June 26, 2017 order was not a final order, and it clearly is not. Therefore, this Court has jurisdiction to hear appellants' interlocutory appeals only if the circuit court's order adjudicates the principles of the cause. Code § 17.1-405(4). The merits of VADA's administrative appeal center on its contention that the Commissioner committed error by finding Tesla qualifies for a dealership pursuant to Code § 46.2-1572(4). The circuit court's June 26, 2017 order addressed VADA's right to proceed with an appeal of the Commissioner's decision and to amend its petition for appeal; it clearly did not address, let alone adjudicate, VADA's assertion that the Commissioner erred. The circuit court's decision that the VADA has standing merely determines that the case may proceed at this time. The subject matter of VADA's administrative appeal is still in the breast of the circuit court, and the court "as the ends of justice may require" may reconsider its decision. See Thrasher, 204 Va. at 403, 131

_____

[2] In evaluating appellants' demurrers, the circuit court here was required to accept as true the allegations in the VADA's petition for appeal. See Desetti v. Chester, 290 Va. 50, 53, 772 S.E.2d 907, 908 (2015) ("For purposes of evaluating a demurrer, a court assumes that all material facts, implied facts[,] and reasonable inferences from those facts that are properly alleged in the [pleading] are true." (first alteration in original) (quoting Brown v. Jacobs, 289 Va. 209, 212 n.2, 768 S.E.2d 421, 423 n.2 (2015))). Rule 2A:3 requires the agency secretary to "transmit the record to the clerk of the court named in the notice of appeal" *after* the circuit "court has entered an order overruling any motions, demurrers and other pleas filed by the agency." Here, the circuit court did not have the agency record before it when it determined that the VADA was an aggrieved party for purposes of the Virginia Administrative Process Act. After the circuit court has reviewed the agency record and heard additional arguments on the merits, it may reconsider whether VADA is an aggrieved party. Thrasher, 204 Va. at 403, 131 S.E.2d at 289. See also Chaplain v. Chaplain, 54 Va. App. 762, 770, 682 S.E.2d 108, 112 (2009) ("[A]ppeals from interlocutory orders are not favored in the law. 'By their nature, interlocutory appeals are disruptive, time-consuming, and expensive. . . . They invite inefficiency, redundancy, and delay.'" (quoting de Haan, 54 Va. App. at 441, 680 S.E.2d at 304 (internal citations omitted))).

-4-

S.E.2d at 289. Because the order clearly does not address the merits of the administrative appeal, it does not adjudicate the principles of the cause. See id.

Appellants, however, urge this Court to deny VADA's motion to dismiss these appeals, to reverse the circuit court's overruling of their demurrers, and to dismiss VADA's appeal of the Commissioner's decision. They argue that if VADA is not an aggrieved party then sovereign immunity prevents VADA from challenging the Commissioner's decision. While the legal principle is correct, the argument is circular because the argument prevails only if we reverse on the merits the circuit court's order. However, this is precisely what this Court does not have jurisdiction to do because here the circuit court's interlocutory order regarding standing did not adjudicate the principles of the cause. Thus, even if we agreed with appellants that the circuit court erred in concluding VADA is an aggrieved party for purposes of the Virginia Administrative Process Act, we simply have no statutory jurisdiction to review the trial court's order at this point in the litigation. Lancaster, 86 Va. (11 Hans.) at 203-04, 9 S.E. at 989 ("It thus plainly appears that the first, and perhaps, the only question we have to decide, is whether an appeal lies from such a decree. For unless this inquiry can be determined affirmatively, the court has no election, although, if it were permitted to examine the bill, it might be of opinion the bill was multifarious, or demurrable for misjoinder of parties, or that it should have been dismissed for want of jurisdiction, but must dismiss the appeal.").

CONCLUSION

The circuit court's order overruling the demurrers filed by the Commissioner and Tesla and granting leave for the Virginia Automobile Dealers Association to amend its petition for appeal did not adjudicate the principles of the cause; it was thus not an appealable interlocutory order, and this Court has no jurisdiction to consider it. Accordingly, we dismiss these appeals.

This order shall be published and certified to the circuit court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk
*original order signed by a deputy clerk of the*
By: *Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk

-5-