COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Huff and Senior Judge Annunziata

MARY ANN SAADY

MEMORANDUM OPINION[*]

v.      Record No. 0787-20-2                                   PER CURIAM
                                                              JANUARY 12, 2021

VIRGINIA EMPLOYMENT COMMISSION

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Edward A. Robbins, Jr., Judge

(Mary Ann Saady, on brief), *pro se*.

(Mark R. Herring, Attorney General; Donald D. Anderson, Deputy
Attorney General; Heather Hays Lockerman, Senior Assistant
Attorney General and Chief; Elizabeth Brown Peay, Senior Assistant
Attorney General, on brief), for appellee.

Mary Ann Saady (hereinafter "claimant") appeals a decision by the circuit court on June 30,

2020, affirming the Virginia Employment Commission's decision that she was not entitled to

unemployment compensation because she voluntarily quit without good cause. We have reviewed

the record and the circuit court's decision and find that this appeal is without merit.

Claimant raises several assignments of error, none of which contest rulings by the circuit

court. Instead, the assignments of error challenge only rulings made by the Virginia Employment

Commission ("the Commission"). "The Court of Appeals of Virginia is a court of limited

jurisdiction." Tesla, Inc. v. Virginia Auto. Dealers Ass'n, 68 Va. App. 509, 512 (2018) (quoting

Commonwealth v. Lancaster, 45 Va. App. 723, 730 (2005)). "As a court of limited jurisdiction,

we have no jurisdiction over appeals except that granted us by statute." Id. (quoting Lancaster,

45 Va. App. at 730); see also Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

599 (1996). Pursuant to Code § 17.1-405(1), the Court of Appeals has appellate jurisdiction over "*[a]ny final decision of a circuit court* on appeal from (i) a decision of an administrative agency, or (ii) a grievance hearing decision issued pursuant to § 2.2-3005 . . . ." (Emphasis added). Code § 60.2-625(A) authorizes the circuit court to review decisions by the Commission and this Court to review the circuit court's decision. However, no statute permits the appeal of the Commission decision directly to this Court.

"It is well-settled that a party who challenges the ruling of a lower court must on appeal assign error to each articulated basis for that ruling." Ferguson v. Stokes, 287 Va. 446, 452 (2014) (quoting Manchester Oaks Homeowners Ass'n v. Batt, 284 Va. 409, 421 (2012)). "An assignment of error is not a mere procedural hurdle an appellant must clear in order to proceed with the merits of an appeal. Assignments of error are the *core* of the appeal." Forest Lakes Cmty. Ass'n v. United Land Corp. of Am., 293 Va. 113, 122 (2017) (emphasis in original). Through the assignment of error, "an appellant . . . 'lay[s] h[er] finger' on the alleged misjudgment of the court below." Id. at 122-23 (quoting Martin P. Burks, Common Law and Statutory Pleading and Practice § 425, at 827 (T. Munford Boyd ed., 4th ed. 1952)). "A properly aimed assignment of error must 'point out' the targeted error and not simply take 'a shot into the flock' of issues that cluster around the litigation." Id. at 123 (quoting Plant Lipford, Inc. v. E.W. Gates & Son Co., 141 Va. 325, 332 (1925)). Here, the defects in the assignments of error are significant because they do not "lay a finger" on the ruling being appealed or demonstrate that jurisdiction properly lies in this Court. See Jay v. Commonwealth, 275 Va. 510, 520 (2008) ("the Court of Appeals should . . . consider whether any failure to strictly adhere to the requirements of [the Rules of Court] is insignificant . . . ")

Even if the assignments of error challenged the circuit court's decision, however, the opening brief does not state where in the circuit court record that claimant preserved her arguments in circuit court, as required by Rule 5A:20(c). Rule 5A:20(c) requires that the opening brief

include "[a] statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." Instead, the opening brief cites only to the Commission record.[1]

Further, the opening brief does not comply with Rule 5A:20(e), which requires that it include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." The opening brief does not contain the standard of review governing each assignment of error. The argument section challenges only the Commission decision and cites only Commission decision "UI-71-2859" as supporting authority. Even if we were to assume that claimant's argument addresses the circuit court's ruling, the Commission opinion is not binding on this Court, and she cites no other legal authority supporting her argument.

"[W]hen a party's failure to strictly adhere to the requirements of Rule 5A:20(e) is significant, the Court of Appeals may . . . treat a[n assignment of error] as waived." Atkins v. Commonwealth, 57 Va. App. 2, 20 (2010) (quoting Parks v. Parks, 52 Va. App. 663, 664 (2008)). A *pro se* litigant "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319 (1987); see also Francis v. Francis, 30 Va. App. 584, 591 (1999) ("Even *pro se* litigants must comply with the rules of court."). Here, claimant's failure to comply with Rule 5A:20 is significant. See Jay, 275 Va. at 520. Claimant was provided with an opportunity to cure the defects in her opening brief and failed to do so.[2]

---

[1] We recognize that the Commission record is part of the circuit court record; however, nothing that occurred in the Commission proceedings reflects the arguments presented to the circuit court.

[2] Claimant filed an amended opening brief on December 10, 2020, after this Court notified her that her original opening brief failed to comply with Rule 5A:20. However, the amended brief did not correct the deficiencies.

For the foregoing reasons, the circuit court's ruling is summarily affirmed.  Rule 5A:27.

<u>Affirmed.</u>